## SUPREME COURT.

### DAVID MARKS and another agt. MORRIS KING.

*Motions and orders — County judge — Costs — Stay by non-payment — When begins — Code of Civil Procedure, sections 772, 779, 798.*

A county judge can, under section 772 of the Code of Civil Procedure, *ex parte*, vacate an order previously made by him extending time to answer.

The stay of proceedings provided for by section 779 of Code of Civil Procedure begins only from the default of the party in not paying the costs. If no time is specified in the order, then this default does not exist until ten days after the service of a copy of the order, and the proceedings, therefore, are not stayed until the ten days have elapsed.

Under section 798, if the service is by mail, double the time is allowed. Does a stay of proceedings prevent the obtaining of further time to answer, *quære.*

*Albany Special Term, February, 1884.*

THIS was an action in which a warrant of attachment had been issued against the defendant. The defendant thereupon moved to vacate the attachment, which motion was denied, with ten dollars costs, February 2, 1884, and the order was served on defendant by mail on that day. The defendant's time to answer expired February 10, 1884. On the eighth day of February, before paying the costs of motion, defendant obtained an order *ex parte* extending his time to answer twenty days from the county judge of Fulton county. Plaintiff thereupon obtained an *ex parte* order from the same judge vacating ,his previous order on February eleventh on the ground that defendant's proceedings were stayed under section 779 of the Code. · After this order was granted defendant paid the costs of the motion, but the plaintiff entered judgment by default, as for failure to answer, on February thirteenth.

Motion by defendant to vacate last order of county judge and the judgment entered by plaintiff.

*Henry A. Merrit* and *N. H. Anibal*, for motion.

*Mark Cohn*, opposed.

LEARNED, *J.* — It is admitted that the county judge could *ex parte* vacate the extension of time which he had granted (*Code, sec.* 772), and therefore it is not very material on the present motion what were his reasons. I cannot review the order which he made. But as the matter has been discussed, and as the reason is plainly given both in the affidavit and in the order of the county judge why the former order was vacated, I may briefly state my views.

It seems to me very plain from the language of section 779 that the stay of proceedings thereby declared begins only from the default of the party in not paying the costs. If no time is specified in the order, then this default does not exist until ten days after service of a copy of the order. To construe the section to mean that a party's proceedings are instantly stayed

Marks agt. King.

from the very granting, or the very service of the order, would give him no time to comply with its requirements, and would be most unreasonable. The language of the section is plain, viz., that when the costs are not paid * * * within ten days after the service, &c., * * * all proceedings, &c., are stayed. The proceedings are not stayed, therefore, until the ten days have expired. Of course, under section 798, if the service is by mail double the time is allowed.

Three decisions are cited by the plaintiffs: *Thaule* agt. *Frost* (1 *Abb. N. C.*, 293); *Lyons* agt. *Murat* (54 *How. Pr.*, 23); *Seward* agt. *Wilson* (3 *Abb. N. C.*, 50). The last only applies. That was a decision, in 1877, of the special term New York common pleas. I think it incorrect and should refuse to follow it. The learned judge who decided it seems not to have considered the question now presented, and in passing I may say that I am not certain that a stay of proceedings prevents the obtaining of further time to answer. The plaintiffs, however, were regular in entering their judgment, because the county judge, as has been said, could vacate his order extending the time, and did so, hence the defendant can only ask to come in as a matter of favor. As he swears to merits, and as he has paid the ten dollars costs, it is reasonable that he should be allowed to come in on the usual terms. He must pay ten dollars costs of motion and fifteen dollars and fifty cents costs of judgment and clerk's fee, and upon such payment the default may be opened and the defendant allowed to answer. The costs to be paid and the answer served on or before March eighth. If not so paid, then the plaintiffs to have ten dollars costs of this motion.