ANDREW VAN WOERT, APPELLANT, *v.* WILLIS ACKLEY, RESPONDENT.

*Costs of an appeal from an order granting a new trial — a neglect to pay them does not operate as a stay of proceedings.*

The provisions of section 779 of the Code of Civil Procedure, providing that where the costs of a motion, or any other sum of money directed by an order to be paid, shall not be paid, all proceedings on the part of the party required to pay shall be stayed, do not apply to the costs of an appeal from an order granting a new trial on the merits.

APPEAL by the plaintiff from an order made at a Circuit Court and Special Term held in Otsego county, and entered in the office of the clerk of said county on the 30th day of January, 1889, staying the plaintiff from moving the case for trial until the costs of the appeal from an order granting a motion for a new trial were paid.

The action was brought to recover damages for a breach of warranty on the sale of hops. It was tried at the Otsego Circuit in January, 1887, and a verdict for $155 rendered in favor of the plaintiff. A motion for a new trial was made on the judge's minutes, which was granted, and an order was made setting aside the verdict and granting a new trial. From this order an appeal was taken to the General Term, by which the order was affirmed and the defendant's costs on such appeal were taxed.

The motion for a new trial on the judge's minutes was made by the defendant and granted by H. BOARDMAN SMITH, J., who presided at the trial; and he based his order granting such trial upon an error committed in the charge; and the order allowed "$10.00 costs to abide the event." The plaintiff took an appeal from that order to the General Term, and, after a consideration of the appeal, the General Term, on the 13th of November, 1888, affirmed the order, with costs, and the defendant entered a judgment of affirmance and for his costs, eighty-nine dollars and three cents, December 21, 1888. On the 14th of January, 1889, at a Circuit Court and Special Term, held in Otsego county, an order was granted containing the following words: "That plaintiff be and he is hereby stayed from prosecuting or moving said case, or taking any proceeding therein toward enforcing the trial thereof until

the costs of the appeal from the order granting the motion for a new trial are paid." At a Special Term, held on the fourteenth of May, that order was resettled and amended by the same justice who granted the same; and the plaintiff appeals from the order "staying plaintiff from moving this cause for trial until the costs of the appeal from the order granting the motion for a new trial are paid, and from each and every part of said order."

*W. J. Palmer*, for the appellant.

*C. L. Wilbur*, for the respondent.

HARDIN, P. J.:

Inasmuch as the ten dollars costs of motion in the order of January, 1887, were allowed to abide the event, the non-payment of them by the plaintiff does not permit the defendant to avail himself of the provision in section 779 of the Code of Civil Procedure in respect to a stay of proceedings. Upon the questions made as to the non-payment of the costs of the appeal included in the judgment of affirmance of the order granting a new trial, which costs amount to eighty-nine dollars and three cents, the cases of *Eisenlord* v. *Clum and others* (24 N. Y. St. Rep., 102), and *Verplanck* v. *Kendall* (47 Supr. Ct. [15 J. & S.], 513) are in point and adverse to the decision made at Special Term in this case; however, *Phipps* v. *Carman* (26 Hun, 518) seems to be a decision which would support the order appealed from. An examination of chapter 390 (§ 3) of the Laws of 1847; of section 779, as it appeared in the Code of Remedial Justice, being chapter 448 of the Laws of 1876 (second volume of the Session Laws of 1876, page 146), and section 12 of chapter 431 of the Laws of 1876 (volume 1 of the Session Laws of 1876, page 456); Mr. Throop's note to section 779 of the Code of Civil Procedure, inclines us to follow the decision of the third department in *Eisenlord* v. *Clum and others (supra)*. We think the order should be reversed.

The order must be reversed, with ten dollars costs and disbursements.

MARTIN and MERWIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.