conceal themselves. In other words, a mere inability to serve process at a particular time is not sufficient to justify an order of publication against defendants, and it is only where evidence is furnished showing such intent that the order should be granted. We think that all that is here shown was mere inability to serve process; and, except the conclusions of the two persons who made the affidavits, there is no evidence which would have justified the court in concluding that the defendants were deliberately concealing themselves with intent to avoid the service of a summons. Although the merits of the action and the conduct of the defendants may be as claimed by the respondent, and sufficient facts were presented to confer jurisdiction upon the judge to act, still we think that, as the only point here is as to the weight to be given to the evidence presented by the affidavits, and having thereupon reached a conclusion contrary to that of the judge below, it follows that both orders must be reversed, with $10 costs and disbursements.

---

### SPRAGUE v. BARTHOLDI HOTEL CO.

(Supreme Court, General Term, First Department. April 14, 1893.)

COSTS—REMEDIES—STAY OF SUBSEQUENT ACTION.

Where plaintiff in an action on an alleged oral contract has been defeated, and a large bill of costs taxed against him, another action brought by him in equity for the reformation of a written contract, by inserting therein substantially the same matters litigated in the prior action, will be stayed until the costs in such prior action are paid.

Appeal from special term, New York county.

Action by Daniel J. Sprague against the Bartholdi Hotel Company for the reformation of a contract, and its enforcement as reformed. From an order of the special term staying the prosecution of the action until the payment of the costs of a former action between the same parties, wherein judgment for costs was rendered against plaintiff, plaintiff appeals. Affirmed.

The following opinion was delivered at special term by PATTERSON, J.:

This motion is one which should be granted. The simple statement of the case is that this plaintiff (Sprague) sued in the superior court to recover damages for the breach of a contract which he alleged to exist, and upon the establishment of which he would have been entitled to a recovery. That was an alleged oral contract, and the plaintiff was defeated; and judgment was rendered against him, which was affirmed, and a large bill of taxed costs accrued against him. He has now brought another action in this court, in which he seeks to reform a certain alleged written contract by inserting therein matters which would create a liability,—and they are substantially the same matters as those litigated in the other action,—and, after reforming the contracts, to recover damages for the breach thereof as reformed. All this matter of what the parties had agreed upon was evidently, in substance, gone over in the action in the superior court, and the present suit seems to be a mere attempt, by a change of the scheme of the action and the form in which it is instituted, to accomplish a result which has heretofore been unattainable. Under such circumstances the rule of law is plain as affecting this motion, and that is, where a second action is vexatiously brought, the court will stay it until the costs of that prior action are paid. It is true that

under the old practice a court of equity never required the payment of costs in an action of law which involved the same subject-matter as a condition of prosecution of a suit in equity unless the suit was brought to vex the defendants. The books are full of cases on that point, but here, it seems to me, the case presented is of that character, and clearly demands that the motion should be granted, with $10 costs; order to be settled on two days' notice.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

J. N. Hayes, for appellant.

E. B. & C. P. Cowles, (C. P. & J. A. B. Cowles, of counsel,) for respondent.

PER CURIAM. For the reasons given in the opinion of the court below, upon the decision of the motion resulting in the order appealed from, we think the order was right, and should be affirmed, with $10 costs and disbursements.

------

McCARTY v. ALTONWOOD STOCK FARM et al.

(Supreme Court, General Term, First Department.   April 14, 1893.)

1. OPENING DEFAULT—TERMS—DISCRETION OF TRIAL COURT.

In an action on contract it appeared that, before the day set for trial, plaintiff requested defendants to consent to a continuance, which they refused to do; that, because of such refusal, plaintiff was obliged to go from California to New York to attend the trial; that judgment was rendered by default against defendants for $11,350; and that the trial judge was of the opinion that the action was not defended in good faith. *Held*, that on making an order opening the default, and restoring the cause to the calendar, to be called in one week, it was not an abuse of discretion to impose the conditions that defendants shall pay plaintiff's attorneys $100 within two days, and that in case the cause is postponed by the court against plaintiff's objection, and he returns to California before a second trial, defendants shall pay his reasonable expenses in going from such state to New York and returning thereto, and in remaining in New York to attend the trial.

2. SAME—CONSTRUCTION OF ORDER.

Such order should not be construed as depriving the judge calling the calendar of the power to grant a postponement to enable defendants to get their testimony, if a proper case is made, and they consent to pay the sums required by the order.

Appeal from special term, New York county.

Action by Daniel McCarty against the Altonwood Stock Farm, Samuel Webber Parker, and Charles W. Parker on a written contract for the payment of money, in which there was a judgment against defendants by default for $11,350. From so much of an order as imposes terms for opening such default, defendants appeal. Modified.

The order appealed from is as follows:

Ordered that the stay granted in and by the said order to show cause why the default should not be opened be, and the same hereby is, vacated, and the plaintiff is hereby permitted to enter judgment upon the verdict of the jury rendered upon the said inquest, and to docket the same, and that the