## SPAULDING v. AMERICAN WOOD-BOARD CO.

(Supreme Court, Appellate Division, First Department.   March 8, 1901.)

1. STAY OF PROCEEDINGS—PRIOR SUIT IN EQUITY—ACTION AT LAW.
   Where a prior suit involved the same goods and the same contract as the present action, the fact that the former suit was in equity, to enforce a factor's lien on the goods, and the present an action at law for breach of guaranty, did not defeat defendant's right to a stay of proceedings until the costs of the former suit, recovered by defendant, were paid.

2. SAME—MOTION FOR STAY—TIME OF FILING—WAIVER.
   Where defendant filed a motion to stay proceedings until the costs of a former action due him were paid before service of the answer and joinder of issues, the fact that the motion was not heard until after the time to answer had expired did not constitute a waiver of the right to a stay.

3. INSOLVENCY—PROOF—SUFFICIENCY.
   The fact that judgments issued against plaintiff's assignors were returned unsatisfied, and that they had made a general assignment for the benefit of creditors, was sufficient to show that the assignors were insolvent.

   Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Henry K. Spaulding against the American Wood-Board Company.   From an order granting defendant's motion for a stay of proceedings until the costs of the former suit were paid, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

I. L. Bamberger, for appellant.
A. J. Shipman, for respondent.

PATTERSON, J.   This is an appeal from an order staying proceedings of the plaintiff until judgments for costs recovered by the defendant in a prior action between the plaintiff's assignors and it have been paid.   The motion for the stay was opposed in the court below, principally on the ground that the prior action was in equity to foreclose a factor's lien, while this is at law to recover damages for the breach of a guaranty, and it was claimed that to authorize a stay in such a situation, until the costs of a former action are paid, there must be complete identity of the subject-matter of both actions. That is not an accurate statement of the rule applied in this court. Sprague v. Hotel Co., 68 Hun, 555, 22 N. Y. Supp. 1090.

The present action is brought upon the same contract, and relates to the same merchandise, involved in the first action, and the plaintiff stands in no other or better position to resist this motion than his assignors would have occupied.   In that first action the matter litigated was the plaintiffs' right under the contract.   26 App. Div. 237, 50 N. Y. Supp. 23.   The issue was whether the plaintiffs owned the goods, the subject of the contract, taking them under a guaranty of the defendant, or had them as factors and for sale on account of the defendant.   It was held that they were owners, and might have sold the goods, and recovered for a loss on the guaranty.   This

68 N.Y.S.—60

action is founded upon rights declared by this court in the former action in determining the relations of the parties upon the one contract furnishing the subject-matter of both actions. The defendant's liability was only at law, and, having successfully resisted one suit on the contract, it should not be vexed with another on the same contract without receiving that indemnity which the costs of the former action will afford.

There was no waiver of the right of the defendant to move for a stay. The motion was made, although not heard, before an answer was served, which was not done until the last day for service, and then to save a default. It was not made after issue joined, and was in time.

If it were necessary to show that the plaintiff's assignors were insolvent, that was sufficiently made to appear by proof that executions were issued upon the judgments for costs, and returned unsatisfied, and that such assignors had made a general assignment for the benefit of creditors.

The order must be affirmed, with $10 costs and disbursements. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I dissent. The actions were different.