that ground. As to the exceptions taken by the appellant, none of them seem to present reversible error.

The judgment and order must be affirmed, with costs.

---

(62 App. Div. 543.)

PATCHEN v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO.

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)

1. PLEADING—ANSWER—DEFENSES—FORMER ADJUDICATION—ALLEGATION.

Under Code Civ. Proc. § 1209, providing that a final judgment dismissing the complaint does not prevent a new action for the same cause of action unless it is rendered on the merits, an answer setting up a judgment dismissing the complaint as to defendant in another action on the same cause, which does not allege that such judgment was on the merits, is fatally defective.

2. ACTIONS—DEFENSES—COSTS OF FORMER ACTION.

The fact that the costs of a former action between the same parties for the same subject-matter have not been paid is not a defense to another action, but can be brought to the attention of the court on a motion for an order staying proceedings in the action.

Appeal from special term.

Action by Francelia O. Patchen against the President, Managers, and Company of the Delaware & Hudson Canal Company. From an order overruling a demurrer to part of the answer and an interlocutory judgment thereon, plaintiff appeals. Reversed.

The plaintiff commenced an action against the defendant for false imprisonment. To the complaint in said action the defendant interposed an answer, admitting that it was a domestic corporation, and denying each and every other allegation of the complaint. The answer also contained new matter, of which the following is a copy: "Third. For a further answer, the defendant alleges and states the fact to be that heretofore, and in or about the month of March, 1900, the plaintiff above named brought an action against this defendant and John Fitzgerald for the same cause of action set forth in the complaint herein; that such action was tried in the month of November, 1900, and on such trial the plaintiff's complaint was dismissed as to this defendant, with costs, and a judgment so dismissing the complaint, with $57.74 costs, in favor of said above-named defendant and against said plaintiff, was entered in the office of the clerk of Albany county, which judgment remains unreversed, and of full force and effect; that the costs therein have not been paid by the plaintiff; and that the plaintiff ought not to have or maintain this action because of such former judgment and the nonpayment of the costs therein." To such defense the plaintiff demurred on the ground that the same is insufficient in law on the face thereof.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Barnwell Rhett Heyward, for appellant.

Lewis E. Carr, for respondent.

CHASE, J. Section 1209 of the Code of Civil Procedure provides: "A final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment-roll, that it is rendered upon the merits."

A plea of former adjudication is fatally defective unless it alleges that the former judgment or decree was on the merits. 9 Enc. Pl.

& Prac. pp. 619–621; 2 Van Fleet, Former Adj. p. 1327. The fact that costs of a former action between the same parties and for the same subject-matter have not been paid does not deprive the court of jurisdiction when set in motion by the party resting under a stay. The only effect is to render the proceedings irregular, and, when brought to the attention of the court, the party violating the stay will be dealt with as may be proper. Wessels v. Boettcher, 142 N. Y. 212, 36 N. E. 883. Apart from the provision of the Code of Civil Procedure (section 779) relating to a stay against a party required to pay costs of a motion, or any other sum of money directed by an order to be paid, the court has power in regard thereto, by reason of its equitable cognizance over suitors, to prevent a multiplicity of actions, and harassing and oppressive litigation. Having the power, it is for the court to determine the propriety of its exercise in a given case. Barton v. Speis, 73 N. Y. 133. The fact that the costs of a former action had not been paid is not a defense, but can be brought to the attention of the court on a motion for an order staying proceedings in the action.

Order and interlocutory judgment reversed, with costs, and demurrer sustained, with costs. All concur.