### HUNT v. SULLIVAN.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. MOTION—RENEWAL—COSTS—FAILURE TO PAY—STAY OF PROCEEDINGS.
   Under Code Civ. Proc. § 779, providing that where costs of a motion, or any other sum of money directed by an order to be paid, are not paid within the time fixed in the order or by the Code, "all proceedings on the part of the party required to make such payment, except to review or vacate the order, are stayed until the payment thereof." as well as in the due exercise of the discretion vested in the court, where an order granting an application to examine the defendant before trial was reversed on appeal, with costs, it was error to entertain and grant another application for such examination before such costs were paid.

2. EXAMINATION OF DEFENDANT BEFORE TRIAL — APPLICATION—NECESSARY SHOWING.
   Where an affidavit on an application to examine the defendant before trial does not show facts which render such examination necessary, or any valid reason why it should not be at the trial, the application should be denied.

Appeal from special term, Kings county.

Action by George F. Hunt, as administrator of the estate of Ella W. Hunt, deceased, against Dora Sullivan. From a portion of an order denying a motion to vacate an order for the examination of defendant before trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and HIRSCHBERG, JJ.

Ira Leo Bamberger, for appellant.
A. E. Richardson, for respondent.

HIRSCHBERG, J. Two reasons are assigned why the order should be reversed, viz., the insufficiency of the affidavit on which the order for the defendant's examination was granted, and the fact that the plaintiff was stayed by the terms of section 779 of the Code of Civil Procedure, because he had not paid the costs imposed by this

¶ 2. See Discovery, vol. 16, Cent. Dig. § 69.

court on appeal from a prior order for the examination of the defendant. The plaintiff had procured an ex parte order for the examination of the defendant before trial, and the defendant appealed to this court from an order denying her motion to vacate such order. We held that the affidavit on which the order for the examination was granted was defective, on the authority of Cook v. Association, 85 Hun, 417, 32 N. Y. Supp. 888, and that the order for the defendant's examination should be vacated, and the order denying the motion to vacate reversed. See Hunt v. Sullivan, 69 App. Div. 617, 74 N. Y. Supp. 1132. The order entered upon that decision only provided that the order appealed from should be reversed, with $10 costs and disbursements. Thereafter the plaintiff obtained another order ex parte, requiring the defendant to submit to examination before trial, and vacating the former order for such examination. Under the circumstances, the order made by this court on the former appeal may be treated as if made in strict compliance with the terms of the decision. The plaintiff was stayed by section 779 of the Code, supra, by his failure to pay the costs and disbursements of the appeal. This was the construction placed upon that section by the general term in both the First and Second departments in holding that the costs and disbursements of an appeal from an order made at special term are "costs of a motion" within the meaning of the Code. Phipps v. Carman, 26 Hun, 518; McIntyre v. Bank, 59 Hun, 536, 13 N. Y. Supp. 674. See, also, Cohu v. Husson (Super. Ct.) 6 N. Y. Supp. 512. Independently of the requirements of the Code, a due exercise of the discretion vested in the court would dictate generally that a litigant should be required to pay the costs of an unsuccessful motion before being heard in a renewal. Barton v. Speis, 73 N. Y. 133; Spaulding v. Wood Board Co., 58 App. Div. 314, 68 N. Y. Supp. 945; Sprague v. Hotel Co., 68 Hun, 355, 22 N. Y. Supp. 1090; Patchen v. Canal Co., 62 App. Div. 543, 545, 71 N. Y. Supp. 122. The affidavit on which the second order for the defendant's examination is founded is deficient in not showing facts which render such examination necessary, and especially in failing to disclose any valid reason why it should not be had at the trial, instead of before it.

The order appealed from should be reversed, with $10 costs and disbursements, and the order for defendant's examination vacated, with costs. All concur.