## COHEN v. KRULEWITCH.

(Supreme Court, Appellate Division, First Department.   March 6, 1903.)

1. Costs—Appellate Division—Stay Until Payment.
    Under Code Civ. Proc. § 779, providing that where costs of a motion directed by an order of court are not paid within the time limited by the order, or, if no time is fixed, within 10 days after service of a copy of the order, all proceedings on the part of the party required to pay the same are stayed, costs allowed the defendant on the affirmance by the Appellate Division of an order granting a new trial must be paid before the plaintiff can have the action restored to the calendar.

Appeal from Special Term, New York county.

Action by Wolf Cohen against Lewis Krulewitch. From an order restoring the action to the calendar, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles Goldzier, for appellant.
Alice Serber, for respondent.

INGRAHAM, J. This action, which was to recover a broker's commissions, came on for trial before a jury, and, there having been a verdict for the plaintiff, the court granted a motion for a new trial upon the judge's minutes, which, upon appeal to this court, was affirmed, whereupon the plaintiff moved to restore the case to the calendar, and that the same be set down for trial. The defendant opposed this motion upon the ground that the costs allowed by the order of this court affirming the order granting a new trial had not been paid, and therefore, all proceedings on the part of the plaintiff were stayed, under section 779 of the Code of Civil Procedure, which provides that:

"Where costs of a motion or any other sum of money directed by an order to be paid are not paid within the time fixed for that purpose by the order, or if no time is so fixed, within ten days after the service of a copy of the order * * * all proceedings on the part of the party required to pay the same, except to review or vacate the order are stayed without further direction of the court until the payment thereof."

This section is a part of a title which relates to motions and orders generally. By section 767 an order is defined to be a direction of a court or judge, "made as prescribed in this act, in an action or special proceeding"; and section 768 provides that an application for an order is a motion. An application for a new trial on the judge's

minutes would be a motion, within this definition; and section 779, to which attention has been called, is a part of this title, and obviously relates to a motion made as therein prescribed. A motion for a new trial upon the judge's minutes is allowed by section 999 of the Code, which provides that:

"The judge presiding at a trial by a jury may, in his discretion, entertain a motion, made upon his minutes, at the same term, to set aside the verdict, or a direction dismissing the complaint and grant a new trial upon exceptions; or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence or contrary to law. If an appeal is taken from the order made upon the motion, it must be heard upon a case prepared and settled in the usual manner."

Subdivision 4 of section 3251 of the Code provides for costs on appeal. The same costs are there allowed to either party upon an appeal to the Appellate Division of the Supreme Court from an order granting or refusing a new trial rendered or made in the same court, or at a trial term of the Supreme Court, as are allowed upon an appeal from a final judgment. The provision for the allowance of costs upon a motion is contained in subdivision 3 of the same section, which provides that:

"Upon any other motion, or upon a reference specified in section three thousand two hundred and thirty-six of this act, to each party to whom costs are awarded, a sum fixed by the court or judge, not exceeding ten dollars, besides necessary disbursements for printing and referee's fees."

The Code provides two methods for the collection of costs awarded to a party to an action. Where the costs are allowed upon a judgment or upon an appeal from a judgment, they are to be inserted in the judgment. Where, however, the costs are directed to be paid by an order, the amount awarded is to be collected as provided for by section 779 of the Code. No judgment is entered upon the determination of an appeal from an order granting or refusing a new trial, and the only direction for costs is contained in the order of the Appellate Division disposing of the appeal. The section authorizes an execution to enforce such an order, and, as an additional method of collection, the section also provides that, until the amount of such costs is paid, all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed. This is the only provision of the Code, so far as I know, that prescribes a method for the collection of the costs directed to be paid upon an appeal to the Appellate Division by an order disposing of the appeal, except in case a judgment can be entered upon such order, as in the case of an affirmance or reversal of a judgment appealed from. It therefore applies to the allowance of costs in an order made by the Appellate Division affirming or reversing an order granting or refusing a new trial under the provisions of subdivision 4 of section 3251 of the Code.

In Eisenlord v. Clum, 52 Hun, 461, 5 N. Y. Supp. 512, the General Term of the Supreme Court in the Third Department expressed the opinion that the provisions of section 779 of the Code do not apply to the costs of an appeal from an order granting a new trial on the merits. There was, however, no discussion of the

question, and the case was decided upon another ground, as the court held that, if that section had operated as a stay, still the action of the defendant in noticing the case and bringing it on for trial was a waiver of that stay; that the defendant could not bring the case on for trial, and then insist that the plaintiff should not be represented upon the trial—and, notwithstanding the protest of the plaintiff, dismissed the complaint. In Verplanck v. Kendall, 47 N. Y. Super. Ct. 513, Judge Speir was for affirmance upon the ground that putting the cause on the calendar and the giving or accepting of notice of trial waived the stay, under section 779 of the Code; and Sedgwick, C. J., concurred upon the ground that costs were on an appeal from an order, and not costs of a motion. The costs were not awarded on appeal from an order granting or refusing a new trial, but from an order of reference. So far as this case is an authority for the proposition that costs of an appeal from an order are not costs upon a motion, within section 779 of the Code, it has been disapproved by cases in the Supreme Court, and the contrary is established. McIntyre v. German Savings Bank, 59 Hun, 536, 13 N. Y. Supp. 674; Hunt v. Sullivan (Sup.) 79 N. Y. Supp. 708. The case of Van Woert v. Ackley (Sup.) 10 N. Y. Supp. 673, is based upon the cases to which attention has been called, and must be considered as overruled.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with leave to the plaintiff to renew the motion upon payment of the costs awarded upon his unsuccessful appeal from the order granting a new trial. All concur.