GEORGE F. HUNT, as Administrator, etc., of ELLA W. HUNT, Deceased, Respondent, *v.* DORA SULLIVAN, Appellant.

*Stay — a failure to pay the costs of an appeal from an order vacated on appeal operates as a stay of a further application for such order — what are " costs of a motion."*

The costs and disbursements of an appeal from an order made at Special Term are " costs of a motion " within the meaning of section 779 of the Code of Civil Procedure.

A failure to pay them operates as a stay upon a subsequent application for a similar order.

Independently of the requirements of the Code of Civil Procedure a due exercise of the discretion vested in the court would dictate generally that a litigant should be required to pay the costs of an unsuccessful motion before being heard upon a renewal of such motion.

APPEAL by the defendant, Dora Sullivan, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 30th day of October, 1902, denying a motion to vacate an order for the examination of the defendant before trial.

*Ira Leo Bamberger*, for the appellant.

*A. E. Richardson*, for the respondent.

HIRSCHBERG, J. :

Two reasons are assigned why the order should be reversed, viz., the insufficiency of the affidavit on which the order for the defendant's examination was granted and the fact that the plaintiff is stayed by the terms of section 779 of the Code of Civil Procedure because he has not paid the costs imposed by this court on appeal from a prior order for the examination of the defendant.

The plaintiff had procured an *ex parte* order for the examination of the defendant before trial and the defendant appealed to this court from an order denying her motion to vacate such order. We held that the affidavit on which the order for the examination was granted was defective on the authority of *Cook* v. *New Amsterdam R. E. Assn.* (85 Hun, 417), and that the order for the defendant's examination should be vacated and the order denying the motion to vacate reversed. (See *Hunt* v. *Sullivan*, 69 App. Div. 617.) The order entered upon that decision only provided that the order appealed from should be reversed, with ten dollars costs and disbursements. Thereafter the plaintiff obtained another order *ex parte* requiring the defendant to submit to examination before trial and vacating the former order for such examination. Under the circumstances the order made by this court on the former appeal may be treated as if made in strict compliance with the terms of the decision.

The plaintiff was stayed by section 779 of the Code (*supra*) by his failure to pay the costs and disbursements of the appeal. This was the construction placed upon that section by the General Term

in both the first and second departments in holding that the costs and disbursements of an appeal from an order made at Special Term are " costs of a motion " within the meaning of the Code. (*Phipps* v. *Carman*, 26 Hun, 518; *McIntyre* v. *German Savings Bank*, 59 id. 536. See, also, *Cohu* v. *Husson*, 57 N. Y. Super. Ct. 222.) Independently of the requirements of the Code a due exercise of the discretion vested in the court would dictate generally that a litigant should be required to pay the costs of an unsuccessful motion before being heard in renewal. (*Barton* v. *Speis*, 73 N. Y. 133; *Spaulding* v. *American Wood Board Co.*, 58 App. Div. 314; *Sprague* v. *Bartholdi Hotel Co.*, 68 Hun, 555; *Patchen* v. *D. & H. C. Co.*, 62 App. Div. 543, 545.)

The affidavit on which the second order for the defendant's examination is founded is deficient in not showing facts which render such examination necessary, and especially in failing to disclose any valid reason why it should not be had at the trial instead of before it.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the order for defendant's examination vacated, with costs.

Goodrich, P. J., Bartlett and Jenks, JJ., concurred.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements, and order for defendant's examination vacated, with costs.