WASSERMAN v. BENJAMIN.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. ARREST IN CIVIL ACTIONS—LOSS OF RIGHT—LACHES—FAILURE TO ENTER JUDGMENT.

Under Code Civ. Proc. § 551, providing that an order of arrest in specified cases cannot be served till after final judgment, but may be granted "at any time before final judgment," the failure of plaintiff to enter judgment for a year after the rendition of his verdict—an order of arrest not having been granted in the action—was not laches, such as to preclude him from obtaining an order of arrest about a year after verdict, and previous to the entry of judgment.

2. SAME—NEGLECT TO ENTER JUDGMENT—DISCHARGE OF DEFENDANT—CODE PROVISION—CONSTRUCTION.

The 10 days referred to in Code Civ. Proc. § 572, relative to arrest, providing that, if plaintiff neglects to enter judgment within 10 days after it is in his power so to do, defendant must, upon application and notice to plaintiff, be discharged from custody, are to be computed from the date of the granting or execution of the order of arrest, and not from the date that it first became within the power of plaintiff to enter judgment in the cause.

3. SAME—AFFIDAVIT FOR DISCHARGE—SUFFICIENCY.

Under Code Civ. Proc. § 572, relative to arrest, providing that, if plaintiff neglects to enter judgment within 10 days after it is in his power so to do, defendant must, upon application and notice to plaintiff, be discharged from custody, an affidavit for an order to show cause why defendant should not be discharged, which fails to state the date of the entry of judgment, and hence whether it was within 10 days after the granting or execution of the order of arrest, is insufficient to establish defendant's case for supersedeas.

Appeal from Special Term, Kings County.

Action by Benoit Wasserman against Joseph Benjamin. From an order vacating an order of arrest, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and HOOKER, JJ.

Ira Leo Bamberger, for appellant.

J. Charles Weschler, for respondent.

HOOKER, J. This is an appeal from an order granting defendant's motion to vacate an order of arrest granted May 1, 1903, and relieving the defendant from imprisonment thereunder. The action was tried in May, 1902, and resulted in a verdict for the plaintiff. The cause of action was the conversion of personal property. No judgment was entered until after the granting of the order of arrest, about a year intervening between the rendition of the verdict and entering of judgment. The defendant was taken into custody under the order of arrest on the 2d day of May, 1903, and was released on bail the same day; and on the 21st day of that month an order to show cause was granted, and served on the following day, why the order of arrest should not be vacated, and why the defendant should not be relieved from imprisonment by virtue of the mandate. No suggestion is made on the part of the defendant that the cause of action is not such as warrants an order of arrest under section 549 of the Code of Civil Procedure, nor is any suggestion made that the

affidavits read in support of the order of arrest are not sufficient to authorize its issuance. In fact, a jury had passed nearly a year before upon the same questions, and had decided adversely to the defendant. The only points raised by the defendant are two:

First, that an order of arrest should not have been granted so long a time after the verdict, and that the plaintiff was guilty of gross laches in entering his judgment. We do not think, however, that the failure of the plaintiff to enter judgment upon his verdict can be called laches. No provision of law required him to enter the verdict until he saw fit, especially as there had been no order of arrest granted in the action. The order of arrest, granted and executed before judgment, was proper. Section 551 of the Code provides that, "in either of the cases specified in section 549, the order cannot be served after final judgment; but it may be granted, where a proper case therefor is presented, at any time before final judgment." It was held in Humphrey v. Hayes, 94 N. Y. 594, that an ·order of arrest after trial and decision of the court, but before a judgment, was authorized.

The second ground upon which the defendant attacks the order of arrest is under that part of the provision of section 572 of the Code which relates to a neglect of plaintiff to enter judgment within 10 days. That portion of the section material to his contention reads as follows:

"If the plaintiff * * * neglects to enter judgment therein within ten days after it is in his power to do so, * * * the defendant must upon his application, made upon notice to the plaintiff, be discharged from custody."

It is plain that, in order to invoke the benefit of that provision of the section just quoted, it is incumbent upon the defendant to show that he is within it. The facts, however, disclosed by the affidavits, do not advise the court whether 10 days elapsed after it was within the power of the plaintiff to enter judgment subsequent to the arrest, or not. It appears that judgment was not entered at the time the order of arrest was granted and executed, and that such a judgment has been entered subsequent thereto, and prior to the order to show cause why the order of arrest should not be vacated was granted, but the exact date is disclosed nowhere in the papers. If, as section 551 of the Code provides, and as has been held supra, an order of arrest may be granted at any time before a judgment, even after a trial and decision or after a verdict, we do not think that it was intended by the Legislature, in enacting section 572, that the defendant should be relieved immediately from arrest, if such an order was executed upwards of 10 days after it was within the power of the plaintiff to enter judgment in the case. For, were such the law, the efficiency of an order of arrest would be practically limited to cases where it is granted and executed before trial. We think that, to defeat the defendant's right of supersedeas, the plaintiff must enter judgment within 10 days after it is within his power to do so, counting from either the date of the granting of the order or the day on which it is executed, which we are not called upon in this case to decide. The plaintiff, in the absence of an order of arrest granted and executed in an action, is under no obligation to enter judgment upon a verdict within any given time, and, in the absence of such order, ˙suffers˙ no penalty by

reason of his delay. When this mandate becomes, however, part of the proceedings in an action, then it is imposed upon the plaintiff to proceed with that degree of diligence and fairness toward the defendant which is defined in section 572 of the Code; and then, and only then, will the plaintiff be required to comply with those provisions at his peril.

Inasmuch as the entire record is silent upon the question whether the plaintiff entered his judgment within 10 days after the granting or execution of the order of arrest, the defendant has failed to make out his case for supersedeas, and the court below should have denied his motion. The order appealed from should therefore be reversed, and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied. All concur.