## WASSERMAN v. BENJAMIN.

(Supreme Court, Appellate Division, Second Department.     March 4, 1904.)

1. COSTS—STATUTE—CONSTRUCTION.

The costs and disbursements of an appeal from an order of the Special Term are "costs of a motion," within the meaning of Code Civ.. Proc. § 779, providing that when such costs are not paid within the time fixed, or, if no time is fixed, within 10 days after service of the copy of the order, all proceedings on the part of the party required to make such payment, except to renew or vacate the order, are stayed until the payment thereof.

2. SAME.

Under Code Civ. Proc. § 779, providing that when costs of a motion are not paid within the time fixed by the order, or, if no time is fixed, within 10 days after service of the copy of the order, all proceedings on the part of the party required to make such payment except to renew or vacate the order are stayed until payment thereof, the stay does not operate until default in payment.

3. SAME—PAYMENT—DUTY OF COURTS.

A due exercise of the discretion vested in the courts, independently of the requirements of the Code, dictates that a litigant shall be required to pay costs of an unsuccessful motion before being heard in renewal thereof.

Appeal from Special Term, Kings County.

Action by Benoit Wasserman against Joseph Benjamin. From an order granting leave to renew a motion and relieving defendant from imprisonment, plaintiff appeals. Reversed.

See 84 N. Y. Supp. 489.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Ira Leo Bamberger, for appellant.

J. Charles Weschler, for respondent.

HOOKER, J. A verdict was rendered in this action in May, 1902, in plaintiff's favor, for a sum of money as damages for defendant's conversion of personal property. No judgment had been entered when, on May 1, 1903, plaintiff applied for and was granted an order of arrest in the action. The following day the defendant was taken into custody, and released upon giving bail on the 21st of May, 1903. The defendant procured and caused to be served an order to show cause why the defendant should not be relieved from imprisonment, but neglected to show in his papers that judgment had not been entered since the order of arrest was granted and executed. The motion brought on to be heard by the order to show cause resulted in an order granting it, and relieving the defendant from imprisonment by virtue of the order of arrest. That order was evidently based either on the fact that the plaintiff had been guilty of gross laches in delaying for a year the entry of judgment, or on the fact that the plaintiff had not entered judgment within 10 days after it was within his power to do so (see section 572, Code Civ. Proc.), or both. On appeal this court

¶ 3. See Costs, vol. 13, Cent. Dig. §§ 1045, 1048.

reversed that order, and held that an order of arrest might properly issue after trial and before judgment; that the delay of a year before entering judgment or applying for an order of arrest could not defeat plaintiff's right to the remedy upon the doctrine of laches; that it was incumbent upon the defendant, when seeking the aid of the provisions of section 572 of the Code of Civil Procedure, to show himself within that; that plaintiff might defeat defendant's right to supersedeas by entering judgment within 10 days after the granting or execution of the order of arrest, where that remedy was had after it was within the power of the plaintiff to enter judgment; and, inasmuch as the papers before us upon that appeal were silent as to when judgment had been actually entered, the defendant's motion should have been denied. Wasserman v. Benjamin, 88 App. Div. 1, 84 N. Y. Supp. 489. The order of reversal was entered on November 13, 1903, and awarded costs and disbursements of the appeal and costs of the motion, which were later taxed at the amount of $78.67. On November 21, 1903, the defendant procured an order to show cause why leave should not be granted him to renew his motion, and, if that leave were granted, why he should not have the order first asked. This motion was based upon the printed papers upon appeal, the order of this court reversing the order, and upon an affidavit of his attorney showing that judgment in the action was entered on the 22d day of May, 1903, 19 days after the execution of the order of arrest. This order was returnable on November 24, 1903, and resulted in an order granting the defendant leave to renew the prior motion, and relieving the defendant from imprisonment under and by virtue of the order of arrest. From that order the plaintiff appeals to this court.

Upon the argument of the motion for leave to renew the plaintiff insisted that such leave be denied, for the reason that the costs of the former motion taxed under the order of this court of November 13, 1903, had not been paid. The defendant insists that, inasmuch as the order of November 13, 1903, and notice of its entry were not served until November 23, 1903, the 10 days mentioned in section 779 of the Code of Civil Procedure had not run, and hence that at the time of the granting of the order appealed from his proceedings were not stayed on account of the nonpayment of motion costs. That the costs and disbursements of an appeal from an order of the Special Term are "costs of a motion" as these words are used in section 779 of the Code, is settled in this department. Hunt v. Sullivan, 79 App. Div. 119, 79 N. Y. Supp. 708, citing Phipps v. Carman, 26 Hun, 518; McIntyre v. German Savings Bank, 59 Hun, 536, 13 N. Y. Supp. 674. It is unnecessary for us to discuss the question raised by the appellant that section 779 of the Code contemplates an immediate ipso facto stay of proceedings for nonpayment of motion costs from the moment of the service of the order. The contrary was held by the late Fifth Department, which said that the stay did not operate until default in payment, and no such default arose until 10 days after the service of the order. Pettibone v. Drakeford, 1 How. Prac. (N. S.) 141, approving Marks v. King, 13 Abb. N. C. 374, 66 How. Prac. 453. The court below granted the motion for leave to renew without imposing as a condition of such favor payment of the costs incident to the former mo-

tion and appeal to this court, and we think for this reason the order should be reversed. Had 10 days elapsed after the service of the order of November 13, 1903, and the costs still remained unpaid, it is undoubted that the defendant would have been stayed. We do not put the reversal upon the ground that there was a stay, but rather on the failure of the learned Special Term to impose a proper condition for the leave which the defendant sought. The court has inherent power to require the payment of costs (Barton v. Speis, 73 N. Y. 133), and to impose reasonable conditions for favors it is asked to grant. This salutary rule has recently been announced by this court in Hunt v. Sullivan, supra, in this language of the present presiding justice: "Independently of the requirements of the Code, a due exercise of the discretion vested in the court would dictate generally that a litigant should be required to pay the costs of an unsuccessful motion before being heard in renewal." The doctrine is not new. Patchen v. D. & H. C. Co., 62 App. Div. 543, 71 N. Y. Supp. 122; Spaulding v. American Wood Board Co., 58 App. Div. 314, 68 N. Y. Supp. 945. There appears in the record no suggestion of any reason which might warrant a discretion to relieve the defendant from the requirements of that rule, and we cannot believe it warrantable to allow the defendant to renew a motion which has been denied, after a considerable expenditure by the plaintiff, without payment by the unsuccessful party, and especially in a case where the merits of the application were not passed upon owing to deficiencies in the defendant's moving papers. The learned court below stated, in deciding the motion, that, as it understood our former decision in this case, the order would have been affirmed if the facts before it had appeared in the record. It is proper, in the light of such remark, to observe that a reference to our former opinion and the foregoing statement of what we then decided discloses no intentional intimation to that effect. The merits of the application seem so far undecided. The order should be reversed, and the motion denied.

Order reversed, with $10 costs and disbursements. All concur.