## LASS v. VOLK HOUSEWRECKING CO.

(Supreme Court, Appellate Term. April 12, 1911.)

1. MASTER AND SERVANT (§ 87*)—EMPLOYER'S LIABILITY—ACTION.

     The employer's liability act (Consol. Laws 1909, c. 31, §§ 200–204) gives a new cause of action to a servant.

     [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 87.*]

2. COSTS (§ 277*)—STAY OF PROCEEDING—PRIOR ACTION.

     It is not essential that there should be a complete identity of the subject-matter of a former action and an action subsequently brought to entitle a party to a stay; and, where the plaintiff has brought and abandoned one action upon substantially the same cause of action, the defendant is entitled to a stay of the subsequent action until the payment of a judgment for costs in the previous suit.

     [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. § 277.*]

Appeal from City Court of New York, Special Term.

Action by Benjamin Lass against the Volk Housewrecking Company. From an order of the City Court of the City of New York denying a motion to stay the plaintiff from proceeding with the trial of this action upon the grounds of the nonpayment of a judgment for costs of a previous action instituted by him, defendant appeals. Reversed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

James B. Henney (Henry Ginnane, of counsel), for appellant.
Morris Leibowitz, for respondent.

PER CURIAM. The respondent's attorney in his affidavit opposing the motion for a stay admits that he commenced an action against the defendant on July 7, 1910, under the common law to recover damages for personal injuries, that such action was discontinued, and that on July 25, 1910, he began another action for the plaintiff herein against the defendant under the employer's liability act for damages for personal injuries, both actions arising out of the same transaction.

The respondent urges that as the causes of action are not identical the order appealed from should be affirmed.

[1, 2] It has been held that the employer's liability act gives a new cause of action. Uss v. Crane Co., 138 App. Div. 256, 123 N. Y. Supp.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

94. It is not essential however, that there should be a complete identity of the subject-matter of both actions in order to entitle a party to a stay. Spaulding v. Am. Wood Board Co., 58 App. Div. 315, 68 N. Y. Supp. 945; Sprague v. Bartholdi Hotel Co., 68 Hun, 555, 22 N. Y. Supp. 1090.

The plaintiff having instituted and abandoned one suit upon substantially the same cause of action, the defendant should not be subjected to another action upon the same facts without receiving the costs of the former action.

Order reversed, with $10 costs and disbursements, and motion granted.