JOHN DROLLINGER, Respondent, v. WILLIAM B. McCURDY, Appellant, and WARREN H. RHODES, Defendant.— Judgment as to appellant McCurdy reversed upon the law, with costs, and complaint, as to him, dismissed, with costs. Defendant Rhodes, with whom appellant McCurdy left an automobile to be repaired, was an independent contractor. (*Thorn* v. *Clark*, 188 App. Div. 411.) The injuries sustained by respondent occurred while such contractor was giving appellant's automobile a road test. The owner of the car is not liable under the common law. Section 59 of the Vehicle and Traffic Law was passed to "make the owner liable for the negligence of a person to whom he loaned the car in connection with its operation upon the highway." (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388, 393.) Defendant Rhodes not being the agent of the owner, the owner cannot be held liable under the statute. Kapper, Seeger and Scudder, JJ., concur; Lazansky, P. J., with whom Rich, J., concurs, dissents, with the following memorandum: I dissent from the majority view that the complaint be dismissed, being of opinion that the verdict should be set aside and a new trial granted upon the ground that the verdict is against the weight of the evidence on the question of the express or implied consent of defendant McCurdy that defendant Rhodes might operate the former's car, and in particular with reference to the proof that such operation was necessary in connection with the repairs made by defendant Rhodes in behalf of defendant McCurdy. I disagree with the view that because defendant Rhodes was an independent contractor, defendant McCurdy, the owner, cannot be liable for the act of defendant Rhodes in the operation of the car if such operation were expressly or impliedly authorized by defendant McCurdy for the purpose of ascertaining if repairs were effectually made. Section 282-e of the Highway Law, as amended, and now section 59 of the Vehicle and Traffic Law, was intended to thrust liability in certain cases where it had not been cast under the common law. An examination of the enactments in this connection, beginning with section 282-e of the Highway Law (added by Laws of 1924, chap. 534, as amd. by Laws of 1925, chap. 167; Laws of

1926, chap. 730; Laws of 1928, chap. 508, as repealed and re-enacted by Laws of 1929, chap. 54, being section 59 of the Vehicle and Traffic Law), leads to the view that the Legislature intended the section to be broad in its scope. Upon the enactment of section 282-e of the Highway Law it was questioned that the Legislature intended to include within the term " owner " a conditional vendor or a chattel mortgagee each of whom held title but was not in possession, or one who loaned his car to another for hire, giving the latter absolute and complete control. This doubt was removed when the Legislature, by Laws of 1925, chapter 167, eliminated a conditional vendor, and by Laws of 1926, chapter 730, excluded a chattel mortgagee out of possession from the provisions of the act. By Laws of 1928, chapter 508, amending the Highway Law, re-enacted by Laws of 1929, chapter 54, as section 59 of the Vehicle and Traffic Law, a person, firm, association or corporation engaged in the business of renting or leasing motor vehicles to be operated on the public highway is deemed not to be an " owner " within the meaning of the act upon condition that certain kind of liability insurance be carried. This last provision means that any one engaged in the· business of renting or leasing who fails to provide insurance, or any one not engaged in such business but who hires out his car, no matter for how long a term, giving to the one who hires it full and unqualified control, would be chargeable with the negligence of the one who hires it. It follows that the owner would likewise be chargeable where he turns over his car for repair with permission, express or implied, to operate it in connection with such repair, since the statute states " in the business of such owner or otherwise." Where a car is loaned to a friend, there is a bailment; so also where a car is hired out or where it is left with an artisan for repair. The theory of liability is not predicated upon agency; but upon operation and use, by permission, in the business of the owner or in the business of the bailee. That is the legislative edict, based upon public policy, with which courts may not interfere. It may be radical doctrine, annihilating principles of long standing, but that is a matter for the Legislature in the interests of public safety.