OSCAR JORGENSEN, Respondent and Appellant, v. HUGO JAEGER, Respondent, WILLIAM A. REUTTER, Defendant, and HARRY KLEIN, Appellant and Respondent.█— The decision of this court handed down on April 10, 1931,█ is hereby amended to read as follows: Judgment as against defendant Klein reversed upon the law, with costs, and complaint dismissed, with costs. Order of May 6, 1930, in so far as appealed from by plaintiff, reversed upon the law and the facts and motion granted to the extent of correcting the verdict by inserting $2,042.80 as representing the item covered by the jury's award to the plaintiff of " all doctor and hospital bills for entire family," and judgment increased by that amount, and as so modified unanimously affirmed, with costs to plaintiff as against defendant Jaeger. (1) The record discloses no liability on the part of defendant Klein. (*Drollinger* v. *McCurdy*, 228 App. Div. 664.) Moreover, apart from this authority, the authorization of Klein that a road test be made did not contemplate the use of the car on a distant, personal journey by Ruppert, to whom it was intrusted. The use being made of the car by Ruppert, as a passenger in the back seat at the time the accident occurred, disclosed that it was not being then subjected to any road test and the evidence is barren of any consent on Klein's part, express or implied, to the particular use of the car to which it was being subjected at the time of the accident. (2) The jury, by apt and precise language, indicated their intention to award to the plaintiff the amount of the doctors' and hospital bills as testified to or evidenced in this record on the trial. Their intention being clear and the items in the evidence to which they plainly referred being unchallenged, in so far as contradictory evidence was concerned, the putting of their award on this phase in figures, involved a simple mathematical calculation or addition of the items unerringly identified by the jury's verdict. The court, therefore, erred in striking out the reference in the verdict to the doctor and hospital bills, and also erred in not making the computation to arrive at the sum which the jury plainly intended should be awarded to the plaintiff consisting of the nine items which the jury could not fairly be expected to carry in mind, but which they clearly identified, and which should have been given to the jury by the trial court in memorandum form. Section 495 of the Civil Practice Act█ limits the right to enter a judgment to the successful party, who may appeal from so much thereof as denies the complete measure of his rights. (*Bissell* v. *Marshall*, 6 Johns. 100; *McIntyre* v. *German Savings Bank*, 59 Hun, 536; 3 C. J. 636, § 496[b].) Lazansky,

P. J., Kapper, Carswell, Scudder and Davis, JJ., concur as to the reversal of the order and as to the modification of the judgment as against defendant Jaeger; Kapper, Carswell and Scudder, JJ., concur as to the reversal of the judgment as against defendant Klein and the dismissal of the complaint as to him, as to which Lazansky, P. J., and Davis, J., dissent and vote to affirm.