ALVORD and others vs. LATHAM and others.

Where a contract for the sale and purchase of property has been executed, by the delivery of the property to the purchaser, the latter becomes vested with the title to it; at least so far as persons receiving the same from him to sell on commission, are concerned. And whether the property was originally obtained by the vendor under an illegal contract, or not, does not affect the question of the liability of the consignees to account to the consignor for the moneys received by them upon the sale of the property.

The undertaking of the consignees to sell the property for the consignor on commission is upon a new and distinct consideration, having no actual or neces-

sary connection with the original contract. And the consignees are in nowise privy to that contract, or in a position to question the title of the consignors, to the property.

It is competent for the owners of property to impose upon their agents for the sale thereof, such restrictions as they may deem necessary to restrain them from interfering with their agencies in other parts of the country.

Even if such restrictions were to be deemed in restraint of trade, and therefore not binding upon the agents, that would not give to the latter the right to retain money in their hands which they have collected as the agents of the owners of the property, and which belongs to such owners.

APPEAL by the defendants from a judgment entered upon the report of a referee. The plaintiffs, in 1857, consigned to the defendants salt for sale, upon commission, on account of and as agents for the plaintiffs. The recovery was for moneys received by the defendants upon the sale of salt, under this arrangement, and not accounted for. The referee found that the Onondaga Fine Salt Company sold and delivered the salt to the plaintiffs, in pursuance of a written contract, and that the said company was an illegal organization, and that the contract was void on the ground that it was made for the purpose of increasing, regulating and fixing the price of salt, contrary to the statute. He further found that the defendants were not connected with the Fine Salt Company; and that in selling salt, they acted solely under their contract with the plaintiffs, as commission merchants. He reported in favor of the plaintiffs for the amount claimed.

*Ruger & Lester,* for the appellants.

*Sedgwick, Andrews & Kennedy,* for the respondents.

*By the Court,* PRATT, J. This action was brought by the plaintiffs against the defendants upon drafts and notes accepted and made by them, and for money received by the latter for salt sold by them on commission, for the plaintiffs. The plaintiffs were partners, doing business in the city of Syracuse, under the style and firm of " The Salt Dealer's Company."

Their business, as specified in the articles of copartnership, was the purchase and sale of salt made on the "Onondaga Salt Springs Reservation." The defendants were a firm in the city of Oswego, whose business was "forwarding, commission and dealing in coal, salt, water-lime and other things." The consideration of the drafts and notes was money received by the defendants for salt sold by them for the plaintiffs. The salt was obtained by the plaintiffs upon a contract made by them with certain corporate companies located in the city of Syracuse, which the referee found were organized for the purpose of increasing, regulating and fixing the price of salt, and the amount of the same to be manufactured, and were therefore illegal. He also found that the contract between the plaintiffs and those companies was made to carry out the same illegal purpose, and was also void; but that the contract of partnership between the plaintiffs themselves was not made for that or any illegal purpose. The defendants interpose two objections to the plaintiffs' right to recover. First, that the contract between the plaintiffs and the corporate companies was void. And secondly, that the contract with the defendants was in restraint of trade, and void. Upon the first objection it is not perceived how the fact that the plaintiffs acquired the salt through an illegal contract, can affect their rights as against the defendants. The illegal contract having been executed by the delivery of the salt to the plaintiffs, they became vested with the title to it, at least so far as the defendants were concerned. And whether the contract of the plaintiffs' partnership was entered into for an illegal purpose, cannot affect the question. After the salt became their own, they surely had the right to sell it; and having that right, they had the right to employ the defendants to sell it for them. The defendants, by such employment, became in nowise privy to the contract between the plaintiffs and other companies. Their undertaking to sell the salt for the plaintiffs upon commission was upon a new and distinct consideration, having no actual or necessary connection with such original

contract. They are not therefore in a position to question the plaintiffs' title to the salt. The second objection is also un- tenable. It was entirely competent for the plaintiffs to impose upon their agents in Oswego such restrictions as they might deem necessary, to restrain them from interfering with their agencies in other parts of the country. And if those restric- tions could be deemed in restraint of trade, and therefore not binding upon the defendants, I cannot conceive how that would give them the right to retain money in their hands which it is conceded belongs to the plaintiffs, and which they had collected as the agents of the plaintiffs.

I think the judgment should be affirmed, with costs.

[ONONDAGA GENERAL TERM, July 5, 1859. *Pratt, Bacon, W. F. Allen* and *Mullin,* Justices.]