(7 Misc. Rep. 418.)

### SHAPIRO v. BURNS et al.

(Common Pleas of New York City and County, Special Term. February, 1894.)

1. ACTION IN FORMA PAUPERIS—APPLICATION—WHEN MADE.

Under Code Civ. Proc. § 458, providing that an application may be mad< "to the court in which the action is pending, or in which it is intended to be brought, for leave to prosecute as a poor person," the application may be made either before the action is brought or while it is pending.

2. SAME—EFFECT OF MOTION FOR SECURITY FOR COSTS.

Right to make the application is not affected by the fact that the court has already granted a motion requiring plaintiff to give security for costs.

3. SAME—WEALTH OF GUARDIAN AD LITEM.

The wealth of the guardian ad litem, though he is also plaintiff's father, cannot be considered on an application for leave to sue in forma pauperis.

4. SAME—DISCRETION OF COURT.

The right of plaintiff to sue in forma pauperis is absolute on compliance with the statute, and is not dependent on judicial discretion.

Action by Rebecca Shapiro, an infant, by Adolph Shapiro, her guardian ad litem, against Michael F. Burns and Timothy Burns. Plaintiff moves for leave to sue in forma pauperis. Granted.

Charles M. Koplik, for plaintiff.
Wm. S. Cogswell, for defendants.

PRYOR, J. Before action brought, a guardian ad litem was appointed for the infant plaintiff. After action commenced, an order was made requiring the plaintiff to furnish security for costs; but, instead, plaintiff now moves for leave to prosecute the suit in forma pauperis. It is plain upon the terms of the statute (sections 458[1] and 459, Code Civ. Proc.) that an infant may be allowed the privilege of suing as a poor person, and that application for the privilege may be made after the commencement of the action. From the reason of the thing, leave to prosecute in forma pauperis must be accorded before or during the pendency of the action; but otherwise no limitation of time is prescribed for the application.

The defendant objects that the court has directed that the plaintiff give security for costs. But the motion involves a vacatur of the order for security; and, the order out of the way, that permission to prosecute the action as a poor person may be now conceded is plainly the opinion of the court of appeals. Shearman v. Pope, 106 N. Y. 664, 12 N. E. 713. Were it not so, then, as here, a defendant might, within two days after suit brought, preclude the plaintiff from the right of prosecuting in forma pauperis,—a right, as already seen, open to him at any time during the pendency of the action.

It is still insisted that, because the guardian ad litem is father of

---

[1] Code Civ. Proc. § 458, is as follows: "A poor person, whether an adult or infant, not being of ability to sue, who alleges that he has a cause of action against another person, may apply by petition to the court in which the action is pending, or in which it is intended to be brought, for leave to prosecute as a poor person, and to have an attorney and counsel assigned to conduct his action."

the plaintiff, and a man of means, the plaintiff should not be suffered to prosecute as a poor person.    But the wealth of the father is not the wealth of his child; nor will the product of the suit, if successful, inure to the benefit of the father.    The Code is explicit that it is the poverty of the plaintiff, not of the guardian ad litem, that confers the privilege of suing as a poor person.    Besides, section 469 of the Code, by requiring a "responsible person" to be guardian ad litem, and rule 49, by exacting that the guardian shall be of "sufficient ability to answer to the infant" for misconduct of the trust, demonstrate that the possession of means by the guardian is no bar to the plaintiff's application to sue as a pauper.    It is urged, however, and urged with force, that, if the order be granted, then the plaintiff cannot possibly lose, nor the defendant possibly gain, by the event of the litigation, and that yet, without the least hazard on her part, the plaintiff may recover $5,000 of the defendant. This game of "heads I win, and tails you lose," in a lawsuit was not possible in our jurisprudence until 1891, when for the first time the liability in costs of a guardian ad litem for a poor person was abolished.    This disparity of advantage between the parties in an action may not be thought to consist with justice; but "ita lex scripta est," and I must apply the law as it is given to me.

It is argued, however, that the unequal operation of the statute appeals to the judicial discretion against the allowance of the order. Is it discretionary with the court to accord or to refuse a plaintiff the liberty of suing as a poor person when he conforms to the prescribed conditions?    True, the language of the Code is that "the court may admit him to prosecute as a poor person;" but it is the settled rule of construction that when, by permissive words, power is conferred on an officer for the benefit of the public or third persons, "may" means "must," and power is the equivalent of duty. 14 Am. & Eng. Enc. Law, pp. 979--981.    That, upon compliance with the statutory conditions, one has a right to sue as a poor person, is apparent from the nature of the case and all the provisions of the law on the subject.    Upon principle, judicial discretion is an anomaly in free government, and, from its liability to abuse, should be tolerated with the least possible latitude in operation.    The state says all persons in a particular category may have access to its courts without expense; and for me to repel any one of the class upon my estimate of his desert would, I conceive, be inconsistent with the mandate of the law, and a precedent fraught with possibilities of arbitrary and unjust discrimination.    If the legislature had intended to repose the power in the discretion of the judge, it would have said so in terms, as it did in conferring authority to revoke the leave to sue in forma pauperis.    Code, § 462. If, however, I have a discretion, I exercise it in favor of the plaintiff.    Motion granted; no costs.