### BONADOA v. THIRD AVE. R. CO.

(Common Pleas of New York City and County, Special Term. September 7, 1894.)

COSTS—ACTION FORMA PAUPERIS—INFANTS.
> An infant, whose father is a person of means, may sue as a poor person. Shapiro v. Burns (Com. Pl. N. Y.) 27 N. Y. Supp. 980, criticised and followed.

Action by Louis Bonadoa, by Lorence Bonadoa, his guardian ad litem, against the Third Avenue Railroad Company, for damages for personal injuries caused by one of defendant's cable cars. Plaintiff moves for leave to sue as a poor person, under Code Civ. Proc. § 458. Granted on condition.

Kirk & Schwarz, for plaintiff.
Hoadly, Lauterbach & Johnson, for defendant.

DALY, C. J. Petition for leave to sue as poor person. I am constrained by a late decision of this court, at special term (Shapiro v. Burns, 7 Misc. Rep. 418, 27 N. Y. Supp. 980), to grant this application of the infant plaintiff for leave to sue as a poor person. But I am of opinion that the case was never within the intention of the legislature, for the term "poor person" cannot be construed to include a child whose parent is possessed of ample means to prosecute his action. Such a child is not "an object of charity;" a judicial definition of the term "poor person," as adopted by the courts. Isnard v. Cazeaux, 1 Paige, 39. As a condition of the order, the attorney and counsel of the plaintiff must stipulate to prosecute the action without compensation, except taxable costs, and proof must be produced that there has been no agreement nor understanding for compensation. When such stipulation and proof are produced, the plaintiff's motion will be granted, and the defendant's order for security will be vacated. No costs of this motion.