(75 App. Div. 121.)

### SHEARY et al. v. O'BRIEN et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. INTOXICATING LIQUORS—ILLEGAL SALE—RIGHTS OF SELLER.

Where the purchaser of beer sold in violation of law gives an order on a debtor in payment thereof, the latter cannot set up the illegality of the sale as a defense to the action against him thereon.

Appeal from trial term, Rensselaer county.

Action by Lawrence Sheary and another against John O'Brien and another. From a judgment for defendants, plaintiffs appeal. Reversed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

Shaw, Bailey & Murphy, for appellants.
John W. Browne, for respondents.

SMITH, J. This action is brought upon a promissory note executed by the defendants and delivered to the plaintiffs upon the 28th of September, 1900. The defense is that the note is invalid because given for the price of beer sold by the plaintiffs and delivered in Vermont in violation of a statute of that state. The facts upon which this defense rests are as follows: The defendants were contractors constructing a railroad in the state of Vermont, and employing some 1,500 men upon the work. These men boarded with certain boarding-house keepers, including, among others, two persons named Paracenti 'and Cammarratta. Defendants, by their consent, kept from the wages of these workmen sufficient to pay their board. These boarding-house keepers purchased certain merchandise of one Mazzoni, which was a part of the bill aforesaid, which included certain beer which Mazzoni had purchased of the plaintiffs, who were brewers in the city of Troy, in the state of New York. To pay for the merchandise purchased, these boarding-house keepers gave to Mazzoni orders upon defendants, which orders Mazzoni assigned and turned over to plaintiffs in payment of the beer purchased. This beer was to be delivered on board cars at Troy, N. Y., consigned to such parties as Mazzoni should name. Mazzoni was to pay the freight to such places as the beer should be consigned. On the date of the note, plaintiffs presented to defendants numerous orders drawn by Paracenti and Cammarratta on them, which had been given to Mazzoni, and had been by Mazzoni delivered to the plaintiffs. Defendants paid about $1,100 thereupon, and gave the note in controversy, for $3,113.04, for the balance. By the laws of the state of Vermont the sale of beer in that state was declared illegal, and it was therein provided that moneys paid therefor should be recovered back, and that no action should be maintained in any court for the recovery of the value thereof.

These facts are found by the trial court upon undisputed evidence, and the legal conclusion was drawn therefrom that this note was invalid because given in payment of orders given by Paracenti to Mazzoni and by Mazzoni to plaintiffs in payment for beer sold in viola-

tion of the Vermont statute. The correctness of this legal conclusion is the sole question involved upon this appeal.

We are of opinion that the legal conclusion does not follow the facts found. We need not discuss whether the sale was in New York or Vermont. Nor need we determine whether plaintiffs could have recovered the value of this beer from Mazzoni, nor whether Mazzoni could have recovered therefor from Paracenti and Cammarratta. We may assume, for the argument, that the original sale to Mazzoni was illegal, and each sale thereafter. Nevertheless it seems to be settled that the parties to an illegal contract may waive the illegality, and the purchasers of this beer could pay therefor if they so desired. This they have sought to do. This defense is not made by any purchaser of this beer. The purchasers, whether or not by legal duty bound, have paid their bill, and turned over to plaintiffs orders upon defendants for moneys due from defendants to the workmen for work and labor. Defendants have no claim in law or in conscience upon those moneys which the workmen have earned, and which they have directed to be paid to plaintiffs. They hold these wages as trustees, to be paid to whom these workmen might lawfully direct. It is true, there is no order here drawn by the workmen themselves. But the established course of dealing, and their settlement with defendants, leaving with them these wages for payment to the boarding house keepers, operate as an assignment of these wages to pay the board bills incurred. This case is analogous in principle to the receipt of moneys by an agent or trustee, who cannot refuse to pay the same to the person directed because such person could not have recovered the moneys from the principal, by reason of some illegality. In such cases it is held that the agent has no interest in the defense of illegality, which his principal has chosen not to assert. These defendants, holding these wages earned by the workmen, have no interest in the defense of illegality which the workmen, whose moneys they hold, have not chosen to assert.

This principle of law has abundant support of authority. In Thayer v. Partridge, 47 Vt. 423, the syllabus reads:

"A trustee having money in his hands derived from the illegal sale of intoxicating liquors by him as agent of the principal defendant cannot set up as a defense the illegality of the transaction by virtue of which he received the money."

In Woodworth v. Bennett, 43 N. Y. 273, 3 Am. Rep. 706, it was held that when a party pays money to a third person for the use of another, which, on account of the illegality of the transaction, he was not obliged to pay, such third person cannot interpose the defense of illegality. In Merritt v. Millard, 4 Keyes, 208, the same principle was held. In the opinion it was said:

"Brewster had the right to waive the defense of illegality of this contract, and pay the money, and when he had done so, and placed it in defendant's hands, upon the simple trust that he should pay it over to the plaintiff, the laws enjoin the duty upon the defendant to pay it, and will not permit him to set up this defense." Again: "It is not to be doubted that it is competent for a party to waive the defense of the illegality of a contract in which he himself participates and to affirm the same, so far as the parties are concerned."

See Grinnell v. Sherman (Sup.) 14 N. Y. Supp. 544; Alvord v. Latham, 31 Barb. 294; Hoyt v. Cross, 108 N. Y. 76, 14 N. E. 801.

Plaintiffs' recovery upon this note is no affirmance of illegality. The assignment to plaintiffs by Mazzoni needs no consideration. It is good as a gift, and the same is true of the orders by Paracenti and Cammarratta to Mazzoni drawn on defendants. This money, then, the defendants lawfully owe to plaintiffs or their workmen. The workmen make no claim therefor, having transferred the same to plaintiffs, waiving, if need be, any illegality in the consideration of the transfer. We think plaintiffs' right to recover seems clear. Judgment should be reversed.

Judgment and order reversed on law and facts, and new trial granted, with costs to abide event. All concur.