that the mistake consisted in designating the tract as 45 acres instead of 8 acres.

If any mistake was made, we are of the opinion that it was not such a one as either the board of supervisors or County Court had the power to remedy. In Matter of B. M. G. L. Co., supra, where the present statute was under consideration, the court expressly held that, so far as the assessment roll itself was concerned, only such errors could be corrected as were manifest from an inspection of the roll itself without argument or evidence. To the same effect is Broderick v. City of Yonkers, 22 App. Div. 448, 48 N. Y. Supp. 265, Matter of Baumgarten v. Board of Supervisors, 39 App. Div. 174, 57 N. Y. Supp. 284, and U. S. Trust Co. v. Mayor, 144 N. Y. 488, 39 N. E. 383. In Matter of Adams v. Supervisors, supra, the assessment itself was void, and in Matter of Edison Electric Illuminating Co., 22 App. Div. 371, 48 N. Y. Supp. 99, the board itself had improperly extended the tax against the corporation for state purposes, as was also the case in Matter of B. M. G. L. Co., supra.

If these views be correct, it follows that the order must be reversed, with $10 costs and disbursements, and the proceeding dismissed. All concur.

---

### MULLER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. Costs (§ 276*)—Stay of Proceedings.

Costs awarded on an appeal from an order made at Special Term, as well as costs awarded on an appeal from an order granting a new trial upon the minutes at Trial Term, are within Code Civ. Proc. § 779, providing that where costs of a motion, directed by an order to be paid, are not paid within the time fixed for that purpose by the order, or, if no time be fixed, within 10 days after service of a copy of the order, all proceedings by the party required to pay the same, except to review or vacate the order, are stayed.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1045–1047, 1058–1060; Dec. Dig. § 276.*]

2. Costs (§ 276*)—Stay of Proceedings—Vacating Stay.

While the court granting a stay of proceedings may, for proper cause set aside the order granting the stay and vacate the stay, it cannot vacate a stay which is operative by statute and not by order, so that if, when plaintiff moved for leave to sue as a poor person, further proceedings by him had been stayed by his failure to pay costs as required by Code Civ. Proc. § 779, providing that, where costs of a motion ordered to be paid are not paid within the time fixed, or, if no time be fixed, within 10 days after service of a copy of the order, the court could not entertain the motion, but could do so where it did not appear from the moving papers that the order fixed any time within which they should be paid, or that 10 days had expired since a copy of the order was served.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 276.*]

Appeal from Special Term, Kings County.

Action by John Muller against the Brooklyn Heights Railroad Company. From an order allowing plaintiff to sue as a poor person defendant appeals. Affirmed.

See, also, 123 N. Y. Supp. 1130.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and BURR, WOODWARD, JENKS, and THOMAS, JJ.

D. A. Marsh, for appellant.
Charles J. Belfer, for respondent.

BURR, J.   On the 22d day of June, 1909, plaintiff recovered a verdict in this action, which verdict was afterwards set aside and a new trial granted by an order of the learned trial justice before whom such trial was had.   From that order, an appeal was taken to this court, and on the 31st day of March, 1910, the order was affirmed, with costs, which were subsequently taxed at the sum of $101.

"Where costs of a motion, or any other sum of money, directed by an order to be paid, are not paid within the time fixed for that purpose by the order, or, if no time is so fixed, within ten days after the service of a copy of the order, * * * all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed without further direction of the court, until the payment thereof."   Code Civ. Proc. § 779.

Costs awarded upon an appeal from an order ·made at Special Term are within the terms of said section.   Wasserman v. Benjamin, 91 App. Div. 547, 86 N. Y. Supp. 1022; Hunt v. Sullivan, 79 App. Div. 119, 79 N. Y. Supp. 708; Phipps v. Carman, 26 Hun, 518.   Costs on an appeal from an order at Special Term denying a motion for a new trial made upon a case and exceptions are also within the provisions of the said section (McIntyre v. German Savings Bank, 59 Hun, 536, 13 N. Y. Supp. 674), and for the reasons there stated the same rule should apply to costs on an appeal from an order made upon the minutes at the Trial Term.   If at the time when plaintiff made his motion for leave to sue as a poor person, from which order this appeal is taken, such stay had become operative, the court at Special Term had no power to entertain the motion, its action in granting the relief was unauthorized, and the order granting such motion must be reversed.   If a stay of proceedings is granted by an order of the court, the same court, for proper cause shown, may set aside such order and vacate the stay.   But when a stay becomes operative by virtue of a statutory provision, independent of any order of the court, the court has no more power to disregard that stay, or to make an order which in effect sets the same aside, than it would have to nullify any other statutory provision.

The difficulty with defendant's position is that it does not appear from the motion papers that the stay to which it may be entitled had become operative when the motion was made.   It does not appear that the order which awarded the costs fixed any time within which they should be paid.   Neither does it appear that 10 days have expired since a copy of the said order was served.   There is no proof that it has ever been served.   The court at Special Term was therefore, at liberty to proceed with the motion, and as the necessary jurisdictional facts entitling plaintiff to sue as a poor person were stated without contradiction, if plaintiff was not entitled to the order as matter of right.   Shapiro v. Burns, 7 Misc. Rep. 418, 27 N. Y. Supp. 980.   At least we cannot say that the discretion of said court was unwisely ex-

ercised. It may be that upon service of a copy of the order, and the expiration of the 10 days specified in the statute, plaintiff will be unable to proceed with the trial of the action until such costs are paid. Or it may be that the court would be justified in staying the trial of the action, notwithstanding the granting of the order here appealed from until the payment of such costs. Muratore v. Pirkl, 109 App. Div. 146, 95 N. Y. Supp. 855. We are not called upon to decide these questions, and we express no opinion thereon. We only decide that, so far as appears from this record, the court was at liberty to proceed with the hearing of the motion resulting in the order appealed from.

The said order should be affirmed, with $10 costs and disbursements. All concur.