JAMES J. SHEEHAN, Appellant, v. PATRICK COFFEY, Respondent.

Third Department, March 5, 1924.

Trial — judgment in favor of plaintiff was reversed and new trial ordered, with costs — trial court has power to stay trial where costs on appeal awarded absolutely on reversal of judgment are not paid.

A trial court has the power to and should refuse to force the defendant to a new trial on the application of the plaintiff after the reversal of a judgment by the Appellate Division and the granting of a new trial, with costs to the defendant absolutely, where the plaintiff has not paid the costs on appeal.

APPEAL by the plaintiff, James J. Sheehan, from an order of the Supreme Court, made at the Albany Trial Term and entered in the office of the clerk of the county of Albany on the 27th day of November, 1923, denying the plaintiff's motion for a trial of the above-entitled action.

*William Goldberg* [*Louis J. Rezzemini* of counsel], for the appellant.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel], for the respondent.

VAN KIRK, J.:

The plaintiff recovered judgment against the defendant for the sum of $2,982.12. The defendant made the usual motion to set aside the verdict and for a new trial on the minutes of the court, which was denied. Upon an appeal from this judgment and the order refusing a new trial this court reversed the judgment on the law and the facts and ordered a new trial, with costs; and also directed that the defendant have execution therefor. (205 App. Div. 388.) Thereafter plaintiff applied to this court to amend the order of reversal by adding after the word " costs " the words " to abide the event." This motion was denied, with ten dollars costs. (206 id. 809.) Plaintiff, failing to pay the costs, filed a note of issue, noticed and moved the case for trial. The defendant opposed the motion, urging that the non-payment of the costs awarded in the judgment of the Appellate Division, $266.75, operates as a stay and asked the court to so order. An order was entered denying the motion for trial and the appeal here is from that order.

· The costs granted were the costs allowed upon the appeal from the judgment and not on the appeal from the order refusing a new trial. (Civ. Prac. Act, § 1491, subd. 2.) This court was authorized, upon reversing the judgment and ordering a new trial, to award costs to the defendant appellant " absolutely " or " to abide the event." (Civ. Prac. Act, § 1490, subd. 1.) The question here

is whether or not, after a judgment has been reversed in the Appellate Division, with costs absolutely, and a new trial granted, the court may stay the trial of the action until these costs have been paid.

We are not dealing with the costs awarded upon an appeal from an order. Section 1520 of the Civil Practice Act provides that, where costs of a motion are directed to be paid within a time fixed by the order, or if not fixed, within ten days after service of the order, all proceedings " on the part of the party required to pay the same, except to review or vacate the order, are stayed without further direction of the court until the payment thereof." There is no similar statutory provision as to costs provided for in a judgment after trial of an action or on appeal from such judgment. But this provision of the Civil Practice Act does not require the implication that, when costs fixed by a judgment are not paid, proceedings in the action may not be stayed by the court

The plaintiff insists that he has been granted a new trial " as matter of right " and the trial may not be stayed. By " as matter of right " he means that, because defendant at the trial had failed to move for a nonsuit or dismissal of the complaint, the appellate court on reversing the judgment could not dismiss the action; a new trial, therefore, necessarily followed the reversal. But so granting a new trial to plaintiff did not deprive defendant of his rights. The defendant still must be sustained when he demands compliance on plaintiff's part with the law and the rules of the court. The trial court has control of the calendar and cases can be forced to trial by a party only when his present right thereto exists. The plaintiff's complaint is not dismissed; he may try his case at any time on complying with the direction of the court.

It is a well-recognized holding that, where a plaintiff is unsuccessful in an action and costs are therein awarded to the defendant, another action to recover upon the same cause of action cannot be maintained until the costs are paid. This rule has been applied where a plaintiff has been nonsuited and a judgment for costs has been entered thereon and a new action has been begun to recover for the same cause of action. The courts have restrained the trial of this second action until the costs of the first action have been paid. (*Singer* v. *Garlick*, 123 App. Div. 282; *Ingrosso* v. *Baltimore & Ohio R. R. Co.*, 105 id. 494.) The defendant was given costs absolutely and is entitled to the payment thereof; the trial court properly refused to force the defendant to a new trial of this action until the plaintiff had paid the costs due to the defendant under his judgment.

**16**

We have examined the cases cited by the plaintiff and think they do not apply to the question and facts here. In *Smith* v. *Cayuga Lake Cement Co.* (105 App. Div. 308), which the plaintiff especially invokes, the County Court had reversed a judgment " without costs " and this court simply held that, upon the reversal of a judgment for a legal error committed by the court below, the successful party is entitled to costs as a matter of right.

The order should be affirmed, with ten dollars costs and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.