TILLIE SCHECHTER, Respondent, *v.* ISRAEL LICHTENSTEIN, Appellant.

BENJAMIN SCHECHTER, Respondent, *v.* ISRAEL LICHTENSTEIN, Appellant.

First Department, March 2, 1928.

**Costs — appeal — stay — judgments for plaintiffs were reversed on appeal, with costs, and new trial granted — defendant applied for stay on plaintiffs' failure to pay costs — motion was denied and without formal motion order was granted permitting plaintiffs to prosecute as poor persons — defendant had absolute right to stay under Civil Practice Act, § 1520 — poor persons — order permitting plaintiffs to sue as poor persons was erroneously granted (Rules of Civil Practice, rule 36).**

Judgments for plaintiffs having been reversed on appeal, with costs, and a new trial granted, the defendant had an absolute right under section 1520 of the Civil Practice Act to have the proceedings stayed until the costs were paid by the plaintiffs.

It was error for the court on the application to stay the proceedings to deny the defendant's application and to grant orders without any formal motion therefor permitting the plaintiffs to prosecute the actions as poor persons. Such an order can be made only on proper application stating facts which constitute grounds for the order and when the order is granted the court must assign an attorney to prosecute without compensation. (Rules of Civil Practice, rule 36.)

APPEAL by defendant in each of the above-entitled actions from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 28th day of November, 1927.

*Thomas F. Frawley* of counsel [*Nadal, Jones & Mowton,* attorneys], for the appellant.

*David Batt,* for the respondents.

MARTIN, J. Two actions were tried in the Supreme Court, New York county, in October, 1926, resulting in verdicts in favor of the plaintiffs. After the judgment in each case had been entered, the defendant made application at Special Term for a new trial upon the ground of newly-discovered evidence, which motions were denied. Appeals were taken from the judgments and the orders denying the motions.

The Appellate Division reversed both judgments and orders. (221 App. Div. 838.) The orders were reversed, with costs which were duly taxed and entered in the office of. the county clerk of New York county.

Thereafter the defendant applied at Special Term for a stay of the proceedings in each action because of plaintiffs' failure to

pay costs. Upon the hearing of said motions the plaintiffs requested permission to prosecute the actions as poor persons. The motion of the defendant for a stay of proceedings in each case was denied. Without any formal motion, the court entered an order permitting the plaintiffs to prosecute the actions as poor persons.

The appellant contends that the court had no authority to disregard the applications for a stay of proceedings; that by the terms of section 1520 of the Civil Practice Act, the defendant was entitled to the relief sought; that the orders appealed from permitting the plaintiffs to sue as poor persons were improperly granted, and in addition the court neglected to insert in the orders a provision assigning to the plaintiffs an attorney to prosecute the actions without compensation.

The orders permitting these plaintiffs to sue as poor persons could be made only on a proper application setting forth facts constituting grounds for such relief, and when granted the orders must assign to the persons an attorney to prosecute the actions without compensation. (See rule 36 of the Rules of Civil Practice; *Pankawicus* v. *Nichols Copper Co.,* 169 App. Div. 419; *Daus* v. *Nussberger,* 25 id. 185; *Sumkow* v. *Sheinker,* 84 id. 463; *Cahill* v. *Manhattan Railway Co.,* 38 id. 314.)

In *Rutkowsky* v. *Cohen* (74 App. Div. 415) HATCH, J., said: " The order in the case, however, is defective. It fails to state that the attorney for the plaintiff will prosecute the action without compensation. A consent to so prosecute the action is filed by the attorneys, and appears in the moving papers; but this is not sufficient, as section 460 of the Code of Civil Procedure* requires that the order contain such provision."

There appears to be an absolute right to stay an action under section 1520 of the Civil Practice Act where costs have been granted in the same action and have not been paid.

In *Brangaccio* v. *Weber Piano Co.* (143 App. Div. 612) the court said: " We have decided that costs awarded upon an appeal from an order made at Special Term are within the terms of section 779 of the Code of Civil Procedure. (*Muller* v. *Brooklyn Heights R. R. Co.,* 139 App. Div. 727.) We have also decided in the same case that if at the time when plaintiff made his motion for leave to sue as a poor person this statutory stay had become operative, the court at Special Term had no power to entertain the motion, its action in granting the relief was unauthorized, and the order granting such motion must be reversed. The fact that such stay had become operative in this case is admitted by plaintiff in his petition."

---

*Now Rules Civ. Prac. rule 36.—[REP.

In *Muller* v. *Brooklyn Heights R. R. Co.* (139 App. Div. 727) the court said: " ' Where costs of a motion, or any other sum of money, directed by an order to be paid, are not paid within the time fixed for that purpose by the order, or, if no time is so fixed, within ten days after the service of a copy of the order,   *   *   * all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed without further direction of the court, until the payment. thereof.' (Code Civ. Proc. § 779.)* Costs awarded upon an appeal from an order made at Special Term are within the terms of said section. (*Wasserman* v. *Benjamin*, 91 App. Div. 547; *Hunt* v. *Sullivan*, 79 id. 119; *Phipps* v. *Carman*, 26 Hun, 518.) Costs on an appeal from an order at Special Term denying a motion for a new trial made upon a case and exceptions, are also within the provisions of the said section (*McIntyre* v. *German. Savings Bank*, 59 Hun, 536), and for the reasons there stated the same rule should apply to costs on an appeal from. an order made upon the minutes at the Trial Term. If at the time when plaintiff made his motion for leave to sue as a poor person, from which order this appeal is taken, such stay had become operative, the court at Special Term had no power to entertain the motion, its action in granting the relief was unauthorized, and the order granting such motion must be reversed."

The Special Term evidently overlooked. the section of the Civil Practice Act giving the defendant a right to a. stay and other sections (Civ. Prac. Act, § 196 *et seq.;* Rules Civ. Prac. rule 35 *et seq.*) which outline the procedure which must be followed in order to permit the plaintiffs to sue as poor persons.

The plaintiffs are not in a position to sue as poor persons and select an attorney who has this case on a contingent basis.

The orders, therefore, should be reversed, with ten dollars costs and disbursements, the motions for a stay granted, and the motions for leave to permit the plaintiffs to sue as poor persons denied.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

In each case: Order reversed, with ten dollars costs and disbursements, motion for stay granted, and motion of plaintiff for leave to sue as a poor person denied. .

---

*Now Civ. Prac. Act, § 1520.— [REP.