## LAND OBEROESTERREICH v. GUDE et al.

District Court, S. D. New York.
June 22, 1937.

Wachtell, Manheim & Grouf, of New York City (Meyer Grouf, of New York City, of counsel), for plaintiff.

A. Spotswood Campbell, of New York City (Karl T. Frederick, of New York City, of counsel), for defendants.

LEIBELL, District Judge.

Defendants move for a stay of the trial and all further proceedings on the part of the plaintiff on the ground of nonpayment of costs.

The complaint charged the defendants with an unlawful sale and conversion of certain bonds belonging to plaintiff. It appears that the case was tried in this court in June, 1934, and judgment was rendered for plaintiff awarding damages in the sum of about $76,000 and adjudging that, in addition, defendants held three bonds belonging to plaintiff and a balance of $3,304.49 due plaintiff after satisfying their lien with the proceeds of the sale of plaintiff's bonds. Upon appeal to the Circuit Court of Appeals [86 F. (2d) 621] the judgment was reversed and a new trial ordered, unless the plaintiff would stipulate to reduce the judgment to $3,304.39 in addition to the three bonds which are alleged to be worth approximately $1,000 a piece. Certiorari was thereafter denied by the Supreme Court, 57 S.Ct. 493, 81 L.Ed. ——. Plaintiff refused to so stipulate and a new trial has been ordered. As a result of this appeal, costs aggregating $1,922.30 have been awarded to defendants against the plaintiff by order of this court.

Defendants rely upon section 1520 of the Civil Practice Act, which they claim gives them an absolute right to a stay. However, section 1520 has to do only with a stay for nonpayment of the costs on a motion. The section is headed "Collection of costs of motion." No case has been cited to me wherein it has been held that section 1520 applies to costs awarded upon a decision of any appellate court reversing a judgment and granting a new trial.

The case of Schecter v. Lichtenstein, 223 App.Div. 60, 227 N.Y.S. 245, relied upon by the moving parties is not in point. The costs there in question were motion costs.

The granting of a stay in the circumstances here present is discretionary with the court, Cloquet Lumber Co. v. Burns (C.C.A.) 222 F. 857, 861. In view of the fact that the Circuit Court of Appeals, though reducing the judgment of the lower court, found in effect that defendants were liable to plaintiff in the sum of $3,304.39 and also had in their possession three bonds worth approximately $3,000 belonging to plaintiff, it would appear that plaintiff's suit is brought in good faith and has substantial merit. The motion is accordingly denied. Settle order on notice.