HARRY RADER, Appellant, *v.* MAURICE SIMMONS, Individually and as Property Clerk of the Police Department of the City of New York, Respondent.*

Supreme Court, Appellate Term, Second Department, December 22, 1941.

*Morris Okoshkin* [*Abraham Morris* on the brief], for the appellant.

*William C. Chanler, Corporation Counsel* [*Fred Iscol* on the brief], for the respondent.

PER CURIAM. Order unanimously reversed upon the law, with ten dollars costs and taxable disbursements to the plaintiff, and motion granted, without costs.

The defendant's right to retain the moneys taken from the possession of the plaintiff on the occasion of the latter's arrest may only be derived from section 435–4.0 of the Administrative Code of the City of New York. This section is construed as applying only to the retention of moneys to be used as evidence or which constitute the proceeds of a crime with which the plaintiff had

* Motion for leave to appeal to the Appellate Division granted, 263 App. Div. 892. See 264 App. Div. 415; Id. 958; 265 id. 937.

been formally charged. Defendant does not contend that the moneys are being retained for use as evidence. Nor from the contents of the motion papers can it be said that the moneys constitute the proceeds of the crime of possessing policy slips or maintaining a room for policy playing, in violation of section 974 of the Penal Law, the only crimes with which the plaintiff was formally charged.

The defendant may not invoke the illegality of the transaction by which it is claimed that the plaintiff received the moneys as a defense to a collateral transaction by which the moneys were taken from the plaintiff and are being retained by the defendant.

In this action for wrongful detention, plaintiff need only prove that the moneys taken from his possession are being retained by the defendant in defiance of the plaintiff's demand that they be returned. Plaintiff's right to possession being sufficient to maintain replevin (*Clark* v. *Tri-State Discount Co., Inc.,* 151 Misc. 679), he requires no aid from any illegal transaction to establish his case. (*Woodworth* v. *Bennett,* 43 N. Y. 273; *Sheary* v. *O'Brien,* 75 App. Div. 121.) No opinion.

All concur. Present — MacCrate, McCooey and Steinbrink, JJ.