### COMMERCIAL BANKING CORPORATION v. MARTEL.

District Court, S. D. New York.
Jan. 22, 1942.

Emanuel G. Kleid, of New York City, for plaintiff.

Julian A. Oshlag, of New York City, for defendant.

MANDELBAUM, District Judge.

Plaintiff, a foreign corporation, obtained a judgment against the defendant after trial. On appeal, this judgment was reversed and a new trial ordered. The order on mandate fixed the defendant's costs at $524.15 which were duly taxed and a judgment entered therefor.

The defendant now seeks a stay of the trial for a period of sixty (60) days after the payment by the plaintiff to it of the said judgment for costs.

There appears to be no provision in the United States Code Annotated or in the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, for a stay of proceedings such as sought by the defendant. It is urged on behalf of the defendant, however, that Section 1520 of the Civil Practice Act of the State of New York applies. That section is headed, "Collection of costs of motion". While seemingly applicable only to motions, this section has been construed to apply to costs taxed on reversal of a judgment and direction for new trial. Sheehan v. Coffey, 208 App.Div. 240, 203 N.Y.S. 414. The plaintiff, in opposing the relief, relies chiefly on the case of Land Oberoesterreich v. Gude, et al., D.C., 19 F.Supp. 1021, a decision by Judge Leibell of this court who there held that Section 1520 was applicable only to motion costs.

In reading that decision, I note that Sheehan v. Coffey, supra, is not cited nor does it appear that that case was called to the court's attention. Irrespective of that, Judge Leibell in reviewing the entire proceeding, treated the matter as one of discretion and denied the application for a stay, citing Cloquet Lumber Co. v. Burns, 8 Cir., 222 F. 857, 861.

After due consideration, I am persuaded to treat this matter as discretionary and accordingly make the following disposition:

The trial will be stayed unless within 10 days after service of a copy of this

order with notice of entry upon plaintiff's attorney, plaintiff deposit the sum of $500 in the registry of this court or file a duly approved surety bond in like sum to abide the event. If these conditions are complied with, the trial shall proceed in accordance with the order on mandate of the Circuit Court of Appeals signed by Judge Knox on December 16th, 1941, otherwise the trial is stayed.

Settle order on two days' notice.