HARRY RADER, Plaintiff, *v.* MAURICE SIMMONS, Individually and as Property Clerk of the Police Department of the City of New York, Defendant.*

City Court of New York, Special Term, Queens County, September 2, 1943.

* See, also, *Rader* v. *Simmons,* 180 Misc. 808.— [REP.

*Arthur Morris* and *Morris Okoshken* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (John A. Leddy* of counsel), for defendant.

Towers, J. This is an application to restore the above-entitled action to the calendar for trial. This action is in replevin and was commenced by the service of a summons and complaint on the 1st day of March, 1941, and issue was joined by the service of defendant's answer on the 13th day of March, 1941. The case was noticed for trial by plaintiff, by a note of issue filed on the 22nd day of May, 1941, for the 26th day of May, 1941. On June 1, 1942, after the case had been carried on the calendar from time to time, it was marked off the calendar. In the meantime, on March 24, 1941, plaintiff moved in this court for an order pursuant to rule 113 of the Rules of Civil Practice, to strike out the answer herein and for summary judgment in favor of plaintiff for the relief demanded in the complaint. This court denied the motion by order of April 15, 1941, upon the ground that triable issues were presented which could not be disposed of summarily. Plaintiff then appealed to the Appellate Term of the Supreme Court, Second Department, and that court unanimously reversed the order of this court and granted the motion by order of December 22, 1941 (178

Misc. 137). The defendant then appealed to the Appellate Division of the Supreme Court, Second Department, by permission, and that court affirmed the order appealed from, and directed judgment accordingly, by order of June 22, 1942 (264 App. Div. 415). The defendant then appealed to the Court of Appeals, by permission (265 App. Div. 1062), and upon the appeal to that court the judgment appealed from was reversed and summary judgment denied, with costs to the defendant in all courts, by order of May 27, 1943 (290 N. Y. 449). The remittitur of the Court of Appeals on such reversal has been filed in this court and an order of this court was made July 1, 1943, making the order of the Court of Appeals the order of this court.

On July 1, 1943, defendant submitted to the clerk of this court a bill of costs to be taxed pursuant to the order on the remittitur of the Court of Appeals and on that date costs were taxed, without notice to the plaintiff, at the sum of $461.43. On August 5, 1943, a copy of the bill of costs as taxed as aforesaid, with notice of retaxation for August 11, 1943, together with a copy of the Court of Appeals order and of the order of this court making the order of the Court of Appeals the order of this court, with notice of entry thereof, was served upon the attorney for the plaintiff. The attorney for the plaintiff appeared before the clerk of this court on the date for retaxation of costs, August 11, 1943, and objected to the taxation of certain items. After hearing both sides the clerk adjourned the taxation, by consent, and finally on the 19th day of August, 1943, retaxed the costs at the sum of $336.43.

It appeared for the first time in this court on the argument of the instant motion that while the aforementioned appeal was pending in the Court of Appeals, plaintiff made a motion in the Court of Appeals to dismiss the appeal and such motion was denied, with ten dollars costs, by order of March 11, 1943. However, the remittitur of the Court of Appeals on such order has not been filed in this court, nor has such order of the Court of Appeals been made the order of this court.

The defendant opposes the instant motion upon the ground that the plaintiff is stayed from further proceeding in this action pursuant to the provisions of section 1520 of the Civil Practice Act. I cannot agree with defendant's contention. Insofar as the costs of ten dollars, imposed by order of the Court of Appeals, by order of March 11, 1943, are concerned, there being no remittitur on such order filed in this court and no order of this court making such order the order of this court, there

exists no basis for a stay of proceedings in this court. Furthermore it appears that subsequent to the date of such order of the Court of Appeals the defendant proceeded with said appeal in said court and took other affirmative steps in the action inconsistent with a stay and thereby waived the stay, if any existed. (*Rollins* v. *Carib Syndicate, Ltd.*, 172 Misc. 648, affd. 258 App. Div. 816, and cases therein cited.)

Insofar as the main bill of costs is concerned the amount of such costs was not determined and fixed until August 19, 1943. The order of the Court of Appeals and the order of this court on the remittitur both award costs to the defendant, without fixing the amount of such costs, leaving the amount thereof to be taxed by the clerk of this court. The taxing of costs was in pursuance of a mandate of the court and embraced in such mandate, and the amount of the costs as taxed must be read with the mandate. The mandate of the court could not be complied with until the costs were determined and fixed.

In all the cases cited by counsel on either side in their briefs it appears either directly or indirectly that the costs had been definitely determined and fixed and there was some question other than that of when the ten-day period specified in section 1520 of the Civil Practice Act commenced to run under circumstances disclosed in the instant case, and no case has been found where the precise question has been passed upon. I am of the opinion, however, that no penalty for failure to comply with a mandate of the court should commence to run until compliance is possible and that section 1520 of the Civil Practice Act is not to the contrary.

I am of the opinion also that the ten-day period specified in section 1520 of the Civil Practice Act did not commence to run in this case until August 19, 1943, the date the costs were finally determined and fixed upon notice and that no stay existed when this motion was made and argued. Motion granted. The case is restored to the calendar for trial September 20, 1943. Submit order and serve copy thereof on the calendar clerk on or before September 10, 1943.

This disposition is without prejudice to any rights accruing or maturing subsequent to the argument of this motion.