HARRY RADER, Plaintiff, *v.* MAURICE SIMMONS, Individually, and as Property Clerk of the Police Department of the City of New York, Defendant.*

City Court of New York, Special Term, Queens County, September 23, 1943.

* See, also, *Margulies* v. *Damrosch*, 23 Misc. 77.— [REP.

*Ignatius M. Wilkinson, Corporation Counsel (John A. Leddy of counsel)*, for defendant.

*Arthur Morris* and *Morris Okoshken* for plaintiff.

WIENER, J. This is an application by defendant for an order pursuant to section 1520 of the Civil Practice Act, staying the trial of this action until payment by plaintiff of costs in the sum of $336.43, as retaxed by the clerk of this court on the 19th of August, 1943.

The costs in question have their genesis in an order made by the Court of Appeals finally denying plaintiff's motion for summary judgment with costs against plaintiff in that court and the courts below. The decision of the Court of Appeals was, in effect, an affirmance of the determination originally made herein by my distinguished colleague, Mr. Justice TOWERS, before whom the motion was first argued and who, by an order dated April 15, 1941, denied the same. Plaintiff appealed from the order of Mr. Justice TOWERS to the Appellate Term, which reversed the same and granted plaintiff's motion for summary judgment (178 Misc. 137). Thereafter, defendant, pursuant to permission granted him by that court, appealed to the Appellate Division from the order of the Appellate Term, granting summary judgment (263 App. Div. 892). The Appellate Division, although it affirmed the order of the Appellate Term (264 App. Div. 415), granted defendant leave to appeal to the Court of Appeals (265 App. Div. 1062), which, as above noted, reversed both the intermediate courts and denied plaintiff's motion (290 N. Y. 449), thus reinstating Mr. Justice TOWERS' original determination.

On July 1, 1943, there was entered in the office of the clerk of this court an order, pursuant to the remittitur of the Court of Appeals, making the order and judgment of said court the mandates of this court. Thereafter, defendant, without notice to plaintiff, caused his costs to be taxed in the sum of $461.43. On August 5, 1943, a copy of the bill of costs so taxed, with notice of retaxation thereof on August 11, 1943, as well as copies of the order of the Court of Appeals and of this court's order on the remittitur, with notice of entry of both, was served on plaintiff's attorney.

On August 11, 1943, plaintiff's attorney appeared before the clerk of this court and objected to several of the items included in the bill of costs as taxed by defendant. After hearing argument by representatives of both parties, the clerk adjourned the retaxation and thereafter on August 19, 1943, he retaxed the costs by reducing the amount thereof to $336.43, payment of which defendant now seeks as a condition precedent to plaintiff's being permitted to proceed with the trial of this action.

On September 3, 1943, defendant served upon plaintiff's attorney a copy of the bill of costs as retaxed on August 19th, and on September 7th he also served upon said attorney a demand for payment of such costs (as retaxed, in the sum of $336.43) on or before September 13, 1943, which, defendant asserts, would be the expiration date of the ten-day period of wait prescribed by section 1520 of the Civil Practice Act. It is conceded that plaintiff has, up to the date hereof, failed to pay such costs.

In opposing this application for a stay plaintiff urges that same should be denied upon two grounds, neither of which I consider tenable or sufficient.

As the first ground of his opposition, the plaintiff asserts that defendant is acting in bad faith in insisting upon the costs and argues that defendant " is not primarily interested in the collection of the costs but thinks that by insisting upon the costs, he might be able to effectively win his case without a trial." The question here, however, is merely one of the defendant's legal right to the costs and not his good or bad faith in insisting on the payment. If, as I believe, he is legally entitled to those costs, it matters not what his motives may be in insisting upon payment thereof. I have, therefore, concluded that plaintiff's first contention is without merit.

As the second ground of his opposition to this application, plaintiff argues that his time to pay the costs has not yet begun to run because he has not even now been served with any order wherein the amount of the costs is specifically stated. In other words, it is his contention that the Court of Appeals order, which has become the mandate of this court, provided for payment by plaintiff of costs in an amount to be thereafter determined and that until such amount has been finally determined and an order providing for its payment entered and served upon his attorney, the stay provided in section 1520 of the Civil Practice Act cannot become operative.

It seems to me that plaintiff's contention proceeds upon too narrow and technical a construction of the language of the statute. I believe that the reference in section 1520 of the

Civil Practice Act to " any other sum of money, directed by an order to be paid " is not limited in its application to a situation wherein the order itself specifies the precise amount of the costs involved. It is, I think, sufficient that the order direct the manner in which the amount of costs to be paid shall be determined. That is what the order here provided. In this connection, I subscribe to the language of Mr. Justice Towers who, in his opinion on a prior motion herein, said: " The amount of the costs as taxed must be read with the mandate." (180 Misc. 804.) If, as suggested by Mr. Justice Towers, the mandate and the bill of costs, as retaxed, are read together, plaintiff will have no difficulty in ascertaining his ultimate costs liability.

I find no merit in plaintiff's argument that he should not be stayed because he still contends that the costs as retaxed are excessive. If that is his view, there is no reason why he cannot make a motion to review such retaxation. He cannot sit back and do nothing and still insist that he has a right to proceed to trial without first paying the costs awarded against him.

Neither of the attorneys for the parties hereto, nor the court's independent research, has unearthed a situation precisely similar to that here involved. However, I believe that *Muller* v. *Brooklyn Heights R. R. Co.* (139 App. Div. 727) and *Shields* v. *Chilton Co.* (258 App. Div. 731), both decided by the Appellate Division of this department, are indicative of the correctness of the conclusion here reached by me. In neither of those cases did the order specify the amount of such costs, and in both the costs were subsequently taxed. Nevertheless, the plaintiffs in both the *Muller* and *Shields* cases were stayed until payment of the costs assessed against them.

For the reasons hereinabove stated, defendant's motion is granted and the trial of this action is stayed until payment by plaintiff to defendant of the costs as retaxed.